C. H. KIMBALL *vs.* A. S. PALMERLEE.

July 17, 1882.

**Motion for New Trial after Judgment—Diligence required.**—A motion for a new trial, whether the trial was by the judge, a referee, or a jury, must, if the party have a reasonable opportunity, be made before judgment; but if he have no reasonable opportunity before judgment, he may make it afterwards within the time for bringing an appeal from the judgment. In such case, however, he must use due diligence in making it, and will lose his right to make it by neglect of such diligence. The determination of the question whether he has used due diligence is in the sound discretion of the trial court.

Evidence *held* sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for Dodge county, *Buckham*, J., presiding, refusing a new trial. The action was tried April 5, 1881, judgment was entered October 20, 1881, and the motion for a new trial was heard January 16, 1882, on notice given December 21, 1881.

*B. F. Latta*, for appellant. .

*Robert Taylor*, for respondent.

GILFILLAN, C. J. The motion for a new trial in this case was not made till after judgment entered. The respondent objects that a motion for a new trial in a case tried by a jury is too late after judgment, and that the motion ought on that ground to have been denied, without regard to the merits. The statute gives the right to make such a motion, but it cannot be supposed that it may be exercised without regard to the time of its exercise, and the statute fixes no limit of time except where it is made on the judge's minutes. Gen. St. 1878, *c.* 66, §§ 253, 254.

In *Groh* v. *Bassett*, 7 Minn. 254, (325,) the court said that, in a case tried by the court without a jury, the notice must be given "for the earliest period at which the motion can be heard after notice that the decision has been rendered, and before judgment is perfected." It said that the party must conform as nearly as possible with a provision of statute then, but not now, existing, requiring notice of the

motion in open court immediately after the verdict, or other decision rendered.

In *Conklin* v. *Hinds,* 16 Minn. 457, the court held (the case having been tried by the court without a jury) that as the statute gives the right to move for a new trial upon the report of the referee or decision of the judge, and allows no opportunity before judgment, the party must necessarily have the right to make it after judgment; and it also held that the trial court might in its discretion allow the motion to be made at any time within the time prescribed for appeal from the judgment.

*Schuek* v. *Hagar,* 24 Minn. 339, was a case tried by a jury. A motion for a new trial was made by defendant, and his application for a stay of proceedings until a decision of the motion was refused, and judgment thereupon entered, after which an order denying a new trial was entered. The court said: "We are of opinion that in an action tried by a jury, when, as in the case at bar, a party, notwithstanding he has used due diligence, has been unable to prevent the entry of judgment, * * * he is not deprived by such entry of his right of appeal from an order made after the entry of judgment, denying his motion for a new trial."

In *Cochrane* v. *Halsey,* 25 Minn. 52, the court said: "That it was the intention of the statute to give to every aggrieved party the right to make such an application, and to be heard thereon, can hardly be questioned. Whenever, therefore, through no fault of his, a party has had no opportunity to exercise this right before judgment, by reason of its immediate entry upon a report of which he has no notice or knowledge, he may do so afterwards, if guilty of no unreasonable delay or laches in procuring a settlement of his case and making his motion."

At common law the rule was that a motion for a new trial could be made only before judgment. The cases referred to may be said to establish these propositions: *First,* that the motion ought to, and, if the party has a reasonable opportunity, must be made and brought to a decision before judgment; *second,* but as the statute gives the absolute right to make the motion, the party may make it after judgment and within the time for bringing an appeal from the

judgment, if, without fault or laches on his part, he has no reasonable opportunity to make it and bring it to a determination before judgment; *third,* if he have no reasonable opportunity to move before judgment, he must, on whatever ground he makes the motion, use reasonable diligence in doing so afterwards, and he will lose his right by neglect of such reasonable diligence; the determination of the question of reasonable diligence will necessarily be in the sound discretion of the trial court; *fourth,* that the rule is the same, whether the cause was tried by a judge, referee, or jury.

It therefore behooves a party desiring to move for a new trial upon a case or bill of exceptions, to act promptly upon the coming in of the verdict, or upon notice of the filing of the decision or report, to get his case or bill of exceptions settled, and to procure a stay to prevent the entry of judgment, to enable him to make the motion, and, if judgment be entered before he can make the motion, to be equally prompt in acting afterwards. In this case there is not enough in the record to enable us to say that it was through defendant's fault and laches that he had no opportunity to move before judgment, and the delay after judgment does not seem to have been unreasonable.

On the merits of the motion, though the evidence that the defendant knew for what the chattel mortgage was given was scant, the majority of the court think there was enough to justify the verdict.

Order affirmed.