P. V. Collins *vs.* Thomas E. Bowen, impleaded, etc.

January 5, 1891.

Place of Trial.—An action brought in the district court for the county in which but one of three defendants resides, is properly triable in said county, notwithstanding the death of said resident defendant before either of the three appears or answers in the action, where no steps are taken to change the place of trial, as provided in Laws 1881, *c.* 132, § 1, or in Laws 1881, Ex. Sess., *c.* 25, § 1.

Motion for New Trial after Judgment—Laches.—Judgment was entered in the action before appellant noticed a motion for a new trial. *Held*, upon the facts as they appeared from the record, that there was unreasonable delay in moving before the entry of judgment, and that, because of the delay, fault, and laches of appellant prior to judgment, the trial court was justified in refusing to consider the motion upon its merits.

Appeal by defendant Bowen, impleaded with Michaél Mullen and Alfred J. Lamberton, from judgment (of $553) of the district court for Nicollet county, and from an order by *Webber*, J., refusing to hear a motion for a new trial after judgment.

*J. M. Thompson* and *J. A. Eckstein*, for appellant.

*E. St. Julien & W. S. Cox, C. R. Davis*, and *John Lind*, for respondent.

COLLINS, J.   This appeal is from an order denying a motion for a new trial, made subsequent to an entry of judgment in the case, and also from the judgment.

1. When the action—one of tort—was commenced, two of the defendants resided in the county of Brown, the third, in Nicollet county, in which the action was brought.   After it had been commenced as to each of the three defendants, and before either had appeared or answered, the one residing in the county last named died.   The other defendants then and seasonably demanded, under the provisions of Gen. St. 1878, c. 66, § 51, that the place of trial be changed to the county in which they resided, and, the demand being disregarded, thereafter moved the court for a change of the place of trial, which motion was denied.   When called for trial in Nicollet county, the action was withdrawn as to the deceased, dismissed as to one of the living defendants, and a trial resulted in a verdict for plaintiff against the other defendant.   Under the plain provisions of section 49, c. 66, *supra*, the action was properly triable in the county in which it was commenced, one of the defendants then residing therein, unless steps were taken for its removal to the county of Brown, as provided in either Laws 1881, c. 132, § 1, or Laws 1881, Ex. Sess., c. 25, § 1. Nothing of this kind was attempted, and therefore the court below ruled correctly on the motion.   Sections 49 and 51, c. 66, *supra*. The decease of the defendant Lamberton cannot be held to have affected the statute which, in terms, fixes the place of trial, unless a change be procured, as provided in either section 1, c. 132, or section 1, c. 25, *supra*.

2. The verdict in this case was rendered on December 13, 1889, and a stay of proceedings granted by consent of parties for 60 days. On the 4th of February following, an affidavit was made by one of

the appellant's attorneys, in which it was stated that a transcript of the testimony had been ordered from the official stenographer on December 17th, but had not been furnished, and that the stenographer had informed the affiant that he could not furnish it until about February 15th. On this affidavit, the court granted a further stay of 20 days, or until March 2d. On the 1st of March, upon another affidavit made by the same attorney, to the effect that the transcript had not yet been received, but that the stenographer had agreed to complete and furnish the same with all due diligence, a further stay of 20 days, or until March 23d, was granted. A proposed case was served on respondent's attorneys, March 19th, and, on April 8th, a motion was heard, at a term of the court held in another county, to settle and allow the same, no opposition being made by the respondent. The certificate of settlement and allowance bore date April 18th, and 10 days afterwards, April 28th, the respondent's counsel caused judgment to be entered on the verdict. The next day, April 29th, the notice of a motion for the new trial was served, to be heard on May 13th, at a term of the court to be held in still another county. The order appealed from denied the motion, on the ground that due diligence had not been used by the moving party.

It was incumbent upon the appellant to act promptly on the rendition of the verdict. It was his duty to procure without delay the affidavits, which he claims show great misconduct on the part of the jurors, and a transcript of the testimony; to have promptly obtained a settlement and allowance of the "case," a hearing upon his motion for a new trial, and meanwhile, and until the motion could have been heard and disposed of, a stay of all proceedings. If, without fault or laches on his part, the moving party has had no reasonable opportunity to make the motion and obtain a determination of the same before the entry of judgment, it may be made afterwards, if prompt action be taken, although at common law this was not the rule. *Kimball* v. *Palmerlee*, 29 Minn. 302, (13 N. W. Rep. 129.) It must be admitted, however, that in this case there was no unreasonable delay in acting *after* judgment was entered, for notice of the motion for a new trial was given the next day, in which the hearing was fixed for a term of court to be held in the same judicial district,

two weeks thereafter. But, from an examination of the record, we are obliged to say that it was through the fault and laches of appellant that the motion was not made and determined prior to the entry of judgment on April 28th. The dates upon which the various steps were taken, ending in a denial of the motion for a new trial, have already been stated. More than 100 days' stay was had, 60 by consent and the balance procured on two applications made—*ex parte*, we judge—by appellant's attorneys, on affidavits which do not attempt to explain why the stenographer had not made a transcript of the testimony, or why, if the fault was wholly chargeable to him, action had not been taken by the attorneys looking towards compelling him to furnish a transcript, which, at most, could not have been very lengthy. The last stay terminated 36 full days prior to the day on which judgment was entered, and it is quite evident that at no time was the respondent in haste to proceed, after obtaining his verdict. In the period of more than four months which elapsed between its rendition and the entry of judgment, the appellant had an abundance of time and ample opportunity, with a liberal construction of his affidavits, to procure a transcript from the stenographer, have the case settled, the motion for a new trial argued and determined, before judgment was entered, had he been reasonably active and diligent. As he failed to avail himself of the opportunity, the court below was justified in refusing to consider the motion on its merits.

Order and judgment affirmed.