# F. R. NOONAN v. F. LINDSEY SPEAR.[1]

May 29, 1914.

Nos. 18,568—(108).

**Short notice of motion.**
1. Where a party is served with a short notice of an interlocutory motion, his remedy is by timely application to. the trial court to vacate the service or to be relieved from default. No remedy having been sought there, the point is not available on appeal.

**Settlement of "case."**
2. The time of notice of settlement of a case prescribed by statute may be shortened by an order to show cause.

**Same.**
3. The court may extend the time for settlement of a case after the time has once expired, whether the case is to be settled before the judge who tried the case or, in the event of his disability, before another judge.

**Motion for new trial before another judge.**
4. Where the judge who tried the case has quit office, another judge in the same district may hear and determine a motion for a new trial.

**Motion for new trial after judgment, when.**
5. A party may make a motion for a new trial after judgment entered if, without fault or laches on his part, he has no reasonable opportunity to

[1] Reported in 147 N. W. 654.

make it and bring it to a determination before judgment, and if he use reasonable diligence in doing so afterwards. The determination of the question of reasonable diligence is in the sound discretion of the trial court. The trial court did not in this case abuse its discretion.

**Same.**

6. In making a motion for a new trial after entry of judgment it is not necessary to make a formal motion to set aside the judgment. The granting of a motion for a new trial will, in effect, vacate the judgment.

Action in the district court for Hennepin county to determine adverse claims to a certain vacant and unoccupied city lot. The answer alleged that defendant was in the actual possession thereof as owner. The facts are stated in the opinion. The case was tried before John Day Smith, J., who made findings and ordered judgment in favor of defendant Spear. From an order settling the case Steele, J., and from an order granting a new trial, Hale, J., defendant Spear appealed. Affirmed.

*Frederick Lindsey Spear, pro se.*

*A. X. Schall, Jr.,* for respondent.


HALLAM, J.

In April, 1910, plaintiff commenced this action to quiet title to real estate. The case was tried in September, 1912, before Judge John Day Smith, and a decision promptly filed in favor of the defendant F. Lindsey Spear. Soon thereafter Judge Smith was taken ill. He never resumed his official duties, and early in May, 1913, resigned. On April 5, 1913, the case was settled by Judge Steele on three days' order to show cause procured by plaintiff. Defendant Spear did not appear. On May 17, 1913, plaintiff served notice of a motion for a new trial, to be heard May 24. On May 20, defendant Spear caused judgment to be entered in his favor. On May 24, said defendant not appearing, Judge Hale granted plaintiff's motion for a new trial. Defendant Spear appealed.

This appeal presents only questions of practice. Appellant does not, either in any assignment of error or in any part of his argument, urge that the order granting a new trial was erroneous. He urges

several grounds upon which he contends that the motion should not have been heard at all.

1. The notice of motion for a new trial was served only seven days before the hearing. This was not a sufficient notice. But the remedy of the party served in such case is by timely application to the trial court to vacate the service or to be relieved from the default. No remedy having been sought there, the point is not available on appeal. 14 Enc. Pl. & Pr. 144; Main v. Pope, 16 How. Pr. 271; Ballard v. Whitlock, 18 Grat. 235. This rule has been applied in this state to all interlocutory proceedings, even though no notice at all has been given. Fay v. Davidson, 13 Minn. 275 (298); Stevens v. McMillin, 37 Minn. 509, 35 N. W. 372.

2. The case was settled on an order to show cause returnable in three days. The statutes provide that a case may be settled upon a notice of five days. G. S. 1913, § 7832. This time might be shortened by an order to show cause. G. S. 1913, § 7749, provides generally that "when notice of a motion is required, it shall be served eight days before the time appointed for the hearing; but the judge, by an order to show cause, may prescribe a shorter time." Sections 7749 and 7832 must be construed together. Section 7749 was intended to apply to all cases "when notice of a motion is required." Section 7832 modifies this section as to length of notice required in this particular case, but it does not abrogate the provision of section 7749, permitting motions to be brought on for hearing in a shorter time by order to show cause

3. The time prescribed by statute for settlement of the case had expired when the order to show cause was issued. It is contended that the court had no power to extend the time to settle the case after the time prescribed by statute had once expired. The statute, however, in terms provides that "the court, in its discretion * * * may grant leave to propose a * * * case after the time * * * allowed therefor has expired." G. S. 1913, § 7832. It is contended that this provision did not apply where the case is settled before a judge other than the judge who tried the case, under the provisions of section 7833. We cannot so hold. The provision for extension of time is general and applies to all cases.

4. Appellant contends that Judge Hale had no power to grant a new trial in a case tried and decided by Judge Smith. We do not regard this question as an open one in this state. The power of one district judge to grant a new trial in an action tried by another judge of the same district after the latter has quit office is recognized in many decisions of this court. Reynolds v. Reynolds, 44 Minn. 132, 46 N. W. 236; Hughley v. City of Wabasha, 69 Minn. 245, 72 N. W. 78; Price v. Churchill, 84 Minn. 519, 88 N. W. 11; State v. Mathley, 101 Minn. 536, 111 N. W. 1134. The power is given by G. S. 1913, § 160, which provides that "whenever the judge who should hear any action, motion or proceeding is unable to be present, any other judge of the same judicial district may act in his place, except in the trial of causes already begun before the judge so absent: Provided, that motions for a new trial shall be heard by the judge before whom the cause was tried, if he be still in office and not disabled."

5. It is contended that it was error to grant a motion for a new trial after judgment was entered. Judgment was entered between the time of service of notice of motion for a new trial and the date set for hearing. The rule applicable to such a case is as follows: "The motion ought to, and, if the party has a reasonable opportunity, must be made and brought to a decision before judgment; *  *  * but as the statute gives the absolute right to make the motion, the party may make it after judgment and within the time for bringing an appeal from the judgment, if, without fault or laches on his part, he has no reasonable opportunity to make it and bring it to a determination before judgment; *  *  * if he have no reasonable opportunity to move before judgment, he must  *  *  * use reasonable diligence in doing so afterwards, and he will lose his right by neglect of such reasonable diligence; the determination of the question of reasonable diligence will necessarily be in the sound discretion of the trial court." Gilfillan, C. J., in Kimball v. Palmerlee, 29 Minn. 302, 303, 13 N. W. 129, 130. The delay in this case would be intolerable under ordinary circumstances, but in view of the protracted illness of the trial judge who tried the case, we cannot say that the

granting of a new trial at the time in question was an abuse of discretion.

Decisions from other states are cited to the effect that a motion for a new trial made after judgment cannot be entertained unless joined with a motion to vacate the judgment, and that an order granting a new trial after judgment will not be made pursuant to an application made before. This is not the rule in this state. It is well settled here that an order granting a new trial may, in a proper case, be made after the entry of judgment, without a formal motion to set aside the judgment, and that the granting of a motion for a new trial after entry of judgment will, in effect, vacate the judgment without any special motion or order to that effect. Minnesota Valley R. Co. v. Doran, 15 Minn. 186 (240); Conklin v. Hinds, 16 Minn. 411 (457); Schuek v. Hagar, 24 Minn. 339; Cochrane v. Halsey, 25 Minn. 52.

Order affirmed.