## NANCY E. SMITH v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

### October 20, 1916.

### Nos. 19,904—(53).

**Second appeal — motion for new trial.**

Judgment was entered for the plaintiff and an appeal was taken by the defendant. More than six months afterwards, six months being the time within which an appeal may be taken, the judgment was affirmed. The defendant then moved for a new trial upon the ground of error and insufficiency of evidence. It is *held* that the motion was too late, that it would have been error to grant a new trial, and that the denial of it was right.

[1]Reported in 157 N. W. 499; 159 N. W. 623.

Action in the district court for Hennepin county to recover $50,000 for injury received while a passenger upon one of defendant's cars. The answer alleged that for a valuable consideration plaintiff delivered to defendant a release, by the terms of which she discharged defendant from all causes of action and demands in any manner arising from or growing out of the claims and occurrence set up in the complaint. The amended reply alleged that the release was not binding upon plaintiff, because obtained by fraudulent misrepresentations made by defendant about the time of its execution, that it was obtained through undue influence exercised upon plaintiff, and that at the time of its execution plaintiff was mentally incompetent, and both plaintiff and defendant were mistaken as to the nature and character of the injuries received by plaintiff. The case was tried before Dickinson, J., who at the close of the testimony denied defendant's motion to dismiss the action, and a jury which returned a verdict for $2,400 less $150. Defendant's motion for judgment notwithstanding the verdict was denied. On appeal from the judgment entered pursuant to the verdict, judgment was affirmed. See 132 Minn. 51, 155 N. W. 1046. Thereafter defendant obtained an order requiring plaintiff to show cause why defendant should not be permitted to make its motion for a new trial and after hearing the motion was denied, Dickinson, J. From the order denying the motion, defendant appealed. Affirmed.

*John F. Dahl, W. Y. Smiley* and *N. M. Thygeson,* for appellant.
*Mead & Bryngelson* and *Leslie S. Ogden,* for respondent.

PER CURIAM.

This is a motion by the plaintiff to dismiss the defendant's appeal from an order denying its motion for a new trial.

The case was here before upon an appeal by the defendant from the judgment and the judgment was affirmed. There was a motion for judgment notwithstanding the verdict, which was denied. There was no motion for a new trial. This appeal is reported in 132 Minn. 51, 155 N. W. 1046.

A motion for judgment notwithstanding the verdict does not bar a subsequent motion for a new trial. Sallden v. City of Little Falls, 102 Minn. 358, 113 N. W. 884. The trial court may entertain a motion for a new trial after the decision upon an appeal from a judgment, there having

been a motion for judgment notwithstanding the verdict, but no motion for a new trial. This is definitely decided in Daily v. St. Anthony Falls Water Power Co. 129 Minn. 432, 152 N. W. 840. In that case there was a motion for judgment notwithstanding the verdict, which was denied, and an appeal from the judgment afterwards entered, which was affirmed. An application for a rehearing was made; and there was a request that the case be remanded without prejudice to the right of the defendant to move for a new trial. This court, in denying the motion for a rehearing, said: "The request that the order of this court be so amended as to remand the cause without prejudice to the right of defendant to move for a new trial is also denied. An application for leave to make such motion, if grounds exist therefor, must be addressed to the trial court, and the affirmance here ordered in no way interferes therewith."

The trial court was not without jurisdiction to entertain a motion for a new trial. It entertained the motion and denied it. This court has jurisdiction of an appeal from the order denying it. The record does not advise us of the date of the motion or of its grounds. If the trial court, having jurisdiction, erroneously entertained and considered the motion, its action may be questioned on the appeal. We are not concerned with the effect on this appeal, from the order, of the decision on the appeal from the judgment. Whether the decision limits the right of review upon this appeal, and if so, to what extent, are questions for consideration when the appeal is before us for argument.

Motion denied.

On October 20, 1916, the following opinion was filed:

DIBELL, C.

This is an appeal by the defendant from an order denying its motion for a new trial.

On February 5, 1915, the jury returned a verdict for the plaintiff. The defendant moved for judgment notwithstanding the verdict. On May 29, 1915, the court denied the motion. Judgment was entered on July 12, 1915. The defendant appealed from this judgment. More than six months later the judgment was affirmed. Smith v. Minneapolis Street Ry. Co. 132 Minn. 51, 55 N. W. 1046. On March 2, 1916, defendant made the motion for a new trial involved in this appeal. No prior motion

for a new trial had been made. The motion was made upon the ground of insufficiency of the evidence and for errors of law occurring at the trial. A motion to dismiss the appeal was denied. See preceding opinion on page 293.

One question presented is whether a motion for a new trial upon the ground of insufficiency of the evidence or for errors at the trial can be made after judgment and after the time for appeal from the judgment has expired and after affirmance on appeal. We do not find that the precise question has been decided. An appeal from a judgment lies within six months. G. S. 1913, § 8000 (R. L. 1905, § 4364). We have held that in the exercise of a sound discretion a court may grant a motion for a new trial after the entry of judgment and within six months. Conklin v. Hinds, 16 Minn. 411 (457) ; Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129. We have held that an application made more than one year after the entry of judgment is too late. Deering v. Johnson, 33 Minn. 97, 22 N. W. 174. And see Lawver v. Great Northern Ry. Co. 110 Minn. 414, 125 N. W. 1017. The period of one year is the time within which under the statute a party may be relieved against a judgment taken against him by mistake, inadvertence, surprise or excusable neglect. G. S. 1913, § 7786 (R. L. 1905, § 4160). We are of the opinion that, when a judgment has become final by the expiration of the time within which an appeal may be taken, it should not be subject to attack upon a motion for a new trial for error or insufficiency of evidence. The necessary effect of the granting of such a motion is to vacate the judgment. Noonan v. Spear, 125 Minn. 475, 147 N. W. 654. The statute contemplates that an unreversed judgment shall be final at the expiration of the six months within which an appeal may be taken. Of course a judgment may be avoided after that time for fraud or perjury. G. S. 1913, § 7786 (R. L. 1905, § 4160). And relief against a judgment may be given after that time under the statute relative to mistakes and accidents. Such matters are not involved here. We hold that a new trial should not be granted for error or insufficiency of evidence after the lapse of time for appeal from the judgment and affirmance. Whether the same rule applies when the ground is newly discovered evidence or whether a motion upon such ground can be made within the year fixed by the statute for relief from mistakes, etc., we do not consider. See State v. District Court of Rice

County, supra, page 189, 158 N. W. 825; Sheffield v. Mullin, 28 Minn. 251, 9 N. W. 756. And of course we have no question before us of the effect of a reversal of the judgment upon the right to move for a new trial.

The conclusion we reach is determinative of the case and makes unnecessary a consideration of other questions.

Order affirmed.