# RALPH D. WILCOX AND OTHERS v. CHARLES J. HEDWALL.[1]

July 8, 1932.

No. 29,001.

[1]Reported in 243 N. W. 709.

*Eugene N. Best, Best, Flanagan & Rogers,* and *Boutelle, Bowen & Flanagan,* for appellants.

*Leonard, Street & Deinard* and *Hyman Edelman,* for respondent.

WILSON, C. J.

Plaintiffs appealed from an order vacating a judgment entered in their favor. The case has been here before. 185 Minn. 8, 239 N. W. 763. It was tried by the court, and there were findings for plaintiffs. The court made an order granting a new trial on the theory that defendant was entitled to a jury trial. This was reversed on the appeal to this court "without prejudice to defendant's right to apply for a rehearing of his motion for a new trial in so far as it was based upon assignments of error other than those having to do with the denial of defendant's application for a trial by jury."

The remittitur was received by the clerk of the trial court on or before January 23, 1932. Two days later plaintiffs caused judgment to be entered without notice, costs to be taxed later. There was then no stay of proceedings. On February 6, 1932, an order was issued to plaintiffs requiring them to show cause why the judgment should not be vacated, and otherwise staying the proceedings pending the further proceedings on defendant's motion for a new trial. The motion contained these provisions:

"Said motion will be made on all the files and proceedings in the above entitled action.

"Said motion will be made upon the ground that defendant's motion for a new trial is now pending before the above court and that plaintiffs are not entitled to the entry of judgment until the final determination thereof."

The matter was heard February 8, 1932. Counsel for both parties' appeared and argued for and against the motion. No further affidavits were then submitted, nor was any oral evidence adduced by either party. On February 10, 1932, the court made an order vacating the judgment "upon the ground that said judgment was entered owing to the excusable neglect of the defendant." From such order this appeal was taken on March 11, 1932.

On March 18, 1932, counsel for the respective parties were before the judge who vacated the judgment because of plaintiffs' motion for a certificate showing that the order was based upon the files and records then on file in the clerk's office and that no other evidence or affidavits were offered or considered. It was claimed by defendant's counsel that oral statements had been made by the attorneys on both sides which in part constituted a basis for the order of the court vacating the judgment.

Plaintiffs concluded, because of Fidelity-Philadelphia Tr. Co. v. Brown, 181 Minn. 392, 232 N. W. 740, that such certificate was not required, and on March 19, 1932, filed a written withdrawal of their motion. The court refused to permit the withdrawal and denied the motion on March 26, 1932, wherein it also used this language:

"It is further ordered that the affidavits filed by both parties on this motion may be considered filed as of February 8, 1932, in so far as they contain statements of facts occurring prior to said February 8, 1932, and not contained in the files in this action."

This was apparently to support the order vacating the judgment. The affidavits were lengthy and were in conflict and related to what it was claimed had been said in open court at the time the motion was heard for the vacation of the judgment. The trial court in his memorandum stated that these affidavits contained facts stated to the court in said hearing, "together with some additional facts." The result is that the record does not show what portion of the statements contained in the affidavits were facts stated at such hearing. The sum and substance of these affidavits would indicate that at the time when judgment was 'entered there was no stay pending. The trial court in his memorandum suggests:

"The court believed, after hearing the statement of facts, considering the amount of the judgment, the fact that a motion for a new trial was about to be made, the standing and reputed solvency of the defendant, the conversation taking place between an attorney for the defendant and one of the attorneys for the plaintiffs, and other antecedent facts, that from the showing made defendant's counsel had the right to assume that no judgment would be entered pending the hearing of the motion for a new trial; and that the failure to obtain a stay was due, under the circumstances, to the excusable neglect of counsel."

■ The pendency of the motion for a new trial does not in itself operate as a stay of proceedings and does not prevent the entry of judgment. Eaton v. Caldwell, 3 Minn. 80 (134).

■ Defendant's argument that the order of this court operated as a stay of proceedings is untenable. When the case was here and the order granting a new trial was reversed, it was clear that the court had granted a new trial merely upon the ground that there should have been a jury trial. The record was silent as to whether or not the trial court had ever considered defendant's other assignments of error upon which he sought a new trial. We were of the opinion that if the trial court had not considered such other assignments of error it was only fair that we would state that our order was without prejudice to the defendant to make application to the trial court for a decision upon such other assignments of error. Whether the trial court would entertain such motion would depend largely upon whether or not he had in fact not passed upon such questions in his former ruling. Our order was merely protecting the defendant from the claim that he was precluded by the former order, but it did not in any way operate as a stay barring entry of judgment.

■ Plaintiffs had a legal right to enter judgment without notice to the defendant. Piper v. Johnston, 12 Minn. 27 (60) ; Whitaker v. McClung, 14 Minn. 131 (170) ; Leyde v. Martin, 16 Minn. 24 (38) ; Heinrich v. Englund, 34 Minn. 395, 26 N. W. 122.

■ Costs and disbursements may be taxed after the entry of judgment. Leyde v. Martin, 16 Minn. 24 (38); Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270.

■ The entry of such judgment does not deprive the other party of his right to have his motion for a new trial heard. Such motion may be heard and determined after the entry of the judgment. Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129; Noonan v. Spear, 125 Minn. 475, 147 N. W. 654; Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623.

■ Rule 20 of the rules of practice of the district court, 175 Minn. xliii, provides that notices of motion shall be accompanied with copies of the affidavits and other papers on which the motions are made. This is the established practice. It was not done. But the trial court is not bound by the rules. The motion here involved did not ask for the vacation of the judgment on the ground of excusable neglect, and the motion should not have been granted on that ground.

■ It was error for the trial court to refuse to permit plaintiffs to withdraw and dismiss their motion for the certificate before the motion was submitted. They then had the right to the withdrawal of that motion.

■ The affidavits, which were filed about six weeks after the motion had been granted, were apparently presented to the court for the purpose of refreshing his recollection as to the oral statements made by counsel at the time of the oral argument. The trial court did not determine which affidavits were stating the true facts. The motion papers were insufficient to support an application for a vacation of the judgment upon the ground of excusable neglect. We are of the opinion that the practice to adopt the policy of filing affidavits so late after a motion has been made in an effort to support an order made thereon is not to be approved. In the instant case, however, the affidavits of the defendant are insufficient to warrant the granting of the motion in that they fail to establish excusable neglect. In this connection it is important to note that the showing does not indicate any prejudice to the defendant, and we see no reason why a plaintiff, who has legally entered a judgment,

should not be entitled to the benefit of any lien which he may have acquired thereby to protect him pending the hearing on a motion for a new trial.

The order is reversed.