BELA DELL AYER v. CHICAGO, MILWAUKEE, ST. PAUL &
PACIFIC RAILROAD COMPANY AND ANOTHER.[1]

October 14, 1932.

No. 29,084.

F. W. Root, C. O. Newcomb, A. C. Erdall, and Catherwood,
Hughes & Alderson, for appellant.

Sasse, French & Dunnette, for respondent.

Loring, J.

The plaintiff claims to have been injured at the intersection of
Brownsdale avenue with the defendant railway company's switch
yards in the city of Austin, Minnesota. He brought suit against

[1]Reported in 244 N. W. 681.

the railway company and the defendant Irvin J. Beckel, its switch foreman, who he claims was in charge of the switching operations which resulted in his injuries. He recovered a verdict against the company only. It has appealed from the order denying its alternative motion for judgment or a new trial.

The plaintiff claims that he received his injuries while he was crossing the defendant company's switch yard at Brownsdale avenue at about nine p. m. May 29, 1931. He says that a caboose and string of cars was standing adjacent to the street upon one of the tracks which crosses Brownsdale avenue and that just as he was upon this track a sudden, violent movement of the cars caused the caboose to strike him with considerable force and that his foot was caught by one of the wheels, resulting in the injury complained of. He says that just as he was about to cross the track upon which this caboose was standing an automobile came from the opposite direction to which he was going, and he was crowded over towards the caboose. It was dark, but the lights of the automobile revealed the position of the caboose to him. His charge of negligence against the company is that the cars which injured him were moved without warning onto the intersection which he was crossing.

It is the claim of the defendant that the plaintiff was crossing its switch yards at a point about 600 feet away from Brownsdale avenue and that he was at the time engaged in carrying a sack of ice which he had taken from the vicinity of the company's ice-house; that he was traveling from this ice-house toward his own residence on the opposite side of the yard and endeavored to crawl through the string of cars which was attached to the caboose before mentioned.

It is vigorously contended by the defendant company that the plaintiff's story is so contradicted by the admitted physical facts that it is unworthy of belief and that judgment notwithstanding the verdict in his favor should be granted. The company makes a very persuasive argument to that effect. Reasoning from the position of a blood spot on the rail, the location of a sack of ice, and from the discrepancies in the stories of plaintiff and his witnesses,

it makes a very strong case against the plaintiff on the facts; but a careful consideration of the record convinces us that, while the plaintiff's testimony and theory of his case is very improbable, there is sufficient evidence to go to the jury. It would extend this opinion beyond reasonable bounds thoroughly to analyze the testimony, and we rest content with the statement that the record as it now stands presents a question of fact upon the liability of the company.

■■■ The plaintiff joined as a defendant the switch foreman who had charge of the movement of the cars which caused the plaintiff's injuries. He was called for cross-examination under the statute and testified as follows:

Q. "Now, as switch foreman you had charge of operations for your crew, didn't you?
A. "Yes, sir.
Q. "That is, you were boss as far as your crew was concerned?
A. "Yes, sir.
Q. "And responsible for what your crew did?
A. "Yes, sir.

\* \* \* \* \* \*

Q. "That final movement on that track at nine o'clock was done by you as switch foreman?
A. "Yes.
Q. "And you were responsible for whatever happened in that movement as switch foreman?
A. "Yes, sir."

It was also shown that it was Beckel's duty to protect the crossing and to send a man there for that purpose. The movement of the cars was made and stopped upon Beckel's signal. This evidence was uncontradicted, and there is no evidence whatever in the record that any other person was responsible in any way for the movement of the cars or the failure to protect the crossing. The verdict was in effect one in favor of Beckel. Begin v. Liederbach Bus Co. Inc. 167 Minn. 84-86, 208 N. W. 546.

We are therefore confronted with the question whether or not the failure to find a verdict against Beckel makes the verdict which

was found against the company perverse and entitles it to, a new trial. It should be noted in passing that the record does not disclose what became of the verdict in favor of Beckel and that we do not have before us the question of the effect upon the liability of the company of a judgment in his favor. It is true that the plaintiff in his complaint alleged that the unfortunate movement of the cars was due to the negligence of other employes; but in passing upon this question we are controlled not by the allegations of the complaint but by the evidence which was introduced upon the trial. That evidence we have quoted in part and have discussed. In our opinion it is conclusive that whatever negligence was indicated by plaintiff's theory of the case was the negligence of Beckel; that Beckel had full charge and responsibility for the movement which caused the injury; that it was made upon his signal and stopped likewise upon his order; that it was his business to send a man to protect the crossing; and that he failed to do so. It was not shown that any other employe was charged with any duty to protect the crossing independently of Beckel's orders. The positive evidence is to the contrary. The record is therefore barren of any evidence which would support a verdict against the company if Beckel's verdict stands. It is therefore perverse, and a new trial must be granted. Begin v. Liederbach Bus Co. Inc. 167 Minn. 84, 208 N. W. 546; Tiedje v. Haney, 184 Minn. 569, 239 N. W. 611.

In the light of our views expressed in regard to the perverse verdict, it is unnecessary to discuss the court's charge which permitted a recovery against the company although none was had against Beckel. Obviously the alleged error in the instructions in regard to the damages was an inadvertence on the part of the trial court. Nor do we see that the defendant was in any way prejudiced by the admission of its rules. As we understand the record, proof to the same effect as the rules was introduced independently thereof. In our view some of the questions asked by plaintiff's counsel were unwarranted and calculated to arouse prejudice, but doubtless if there should be a new trial there would not be a repetition of these questions.

The order denying a new trial is reversed.

STONE, J. (concurring in result).

While I am not ready to say that judgment should be ordered for defendant notwithstanding the verdict, I am satisfied that on the present record a verdict for plaintiff should not be allowed to stand, for there is a manifest and palpable preponderance of the evidence against it. On the other phases of the case I concur in all that is said by Mr. Justice Loring.