BELA DELL AYER v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY AND ANOTHER.[1]

May 12, 1933.

No. 29,444.

[1]Reported in 248 N. W. 749.

F. W. Root, C. O. Newcomb, A. C. Erdall, and Catherwood, Hughes & Alderson, for appellant.

Sasse, French & Dunnette, for respondent.

PER CURIAM.

Defendant Beckel appeals from an order vacating a judgment in his favor entered on September 23, 1932, and granting plaintiff a new trial as to him. Plaintiff moves to dismiss on the ground that the order is not appealable.

The trial of the case resulted in a verdict against the defendant company and for defendant Beckel. The company's motion, upon a settled case, for judgment notwithstanding the verdict or a new trial was denied; but on appeal a new trial was granted. 187 Minn. 169, 244 N. W. 681. Beckel was not a party to the appeal. The verdict in his favor was rendered January 9, 1932, and he caused the judgment to be entered thereon September 23, 1932. A month later, upon plaintiff's petition, the court made an ex parte order permitting him to move for an order vacating the judgment and granting her a new trial. Beckel appeared specially and objected to the court entertaining the motion on the ground that the court had no jurisdiction to hear the motion or to set aside the judgment, that the judgment is res judicata and cannot be set aside on motion for it is supported by evidence and is based on a verdict. The court made an order vacating the judgment and granting plaintiff a new trial against Beckel.

It is true that an order granting a new trial, which, as here, does not state that it is granted exclusively for errors of law, is not appealable (Backstrom v. New York L. Ins. Co. 187 Minn. 35, 244 N. W. 64); but an order vacating a judgment is appealable (Morehart v. Furley, 152 Minn. 388, 188 N. W. 1001). We have held that the effect of granting a new trial is to vacate and set aside a verdict and the judgment entered thereon prior to hearing the motion, and that such result follows even though the motion did not ask for vacation of the verdict or judgment. Noonan v. Spear, 125

Minn. 475, 147 N. W. 654; Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623. So it may be argued that it was of no consequence that plaintiff moved for, and the court ordered, the vacation of the judgment. But the answer is that an order made after judgment which has the effect of modifying or vacating the judgment is appealable. Where a judgment has become a lien upon property, courts often allow the judgment to stand pending the outcome of a granted new trial; and cases might occur where it would be an abuse of judicial discretion not to let the judgment so stand. Again, if a court, after a judgment had been entered for more than six months, should vacate the same by granting a new trial, there would seem to be no remedy except by appeal from the order, which has the effect of vacating the judgment. We feel that this should be so, for the reason that before entry of judgment and while there is a stay there is no limitation upon right of the trial court to entertain a motion for new trial; but after judgment there is. In Kimball v. Palmerlee, 29 Minn. 302, 303, 13 N. W. 129, 130, decided more than 50 years ago, Chief Justice Gilfillan called attention to the fact that at common law a motion for a new trial could not be made after the entry of judgment; but, after reviewing prior decisions on the subject under our statute, held these propositions established:

"*First,* that the motion ought to, and, if the party has a reasonable opportunity, must be made and brought to a decision before judgment; *second,* but as the statute gives the absolute right to make the motion, the party may make it after judgment and within the time for bringing an appeal from the judgment, if, without fault or laches on his part, he has no reasonable opportunity to make it and bring it to a determination before judgment; *third,* if he have no reasonable opportunity to move before judgment, he must, on whatever ground he makes the motion, use reasonable diligence in doing so afterwards, and he will lose his right by neglect of such reasonable diligence; the determination of the question of reasonable diligence will necessarily be in the sound discretion of the trial court; *fourth,* that the rule is the same, whether the cause was tried by a judge, referee, or jury."

The right of the court to entertain a motion or make an order which necessarily vacates a duly entered judgment in the cause is limited. And on an appeal from such an order the question will be whether the court acted within the rule above stated.

We conclude that the appeal from the order lies to the part thereof which vacated the judgment, and that necessarily depends upon the question whether the court was without authority to entertain the motion for a new trial or abused judicial discretion in entertaining it.

The motion to dismiss is denied.

[1]Reported in 248 N. W. 658.