BELA DELL AYER v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY AND ANOTHER.[1]

June 30, 1933.

No. 29,444.

[1]Reported in 249 N. W. 581.

360

See 187 Minn. 169, 224 N. W. 681, and 189 Minn. 90, 248 N. W. 749.

*F. W. Root, C. O. Newcomb, A. C. Erdall,* and *Catherwood, Hughes & Alderson,* for appellant.

*Sasse, French & Dunnette,* for respondent.

OLSEN, *Justice.*

The defendant Irvin J. Beckel appeals from an order setting aside a verdict and judgment in his favor and granting a new trial as to him.

The action is one against the Chicago, Milwaukee, St. Paul & Pacific Railroad Company and Irvin J. Beckel to recover damages for personal injury to plaintiff, claimed to have been caused by negligence on the part of the defendants. The case was tried in the district court and a verdict returned in favor of the plaintiff and against the railroad company on January 9, 1932. No verdict was

rendered against defendant Beckel, and, under the instructions given to the jury by the court in submitting the case, the effect of the verdict was a verdict in favor of Beckel finding him not guilty of any negligence. On appeal to this court by the railroad company it was held that the only negligence shown was that of Beckel, the employe of the railroad company, and that a verdict finding him free from negligence but finding the master, for whom he acted, guilty of negligence was perverse as to the company, and the order of the trial court denying the railroad company's motion for a new trial was reversed. Ayer v. C. M. St. P. & P. R. Co. 187 Minn. 169, 244 N. W. 681. The decision here was filed October 14, 1932. Judgment in favor of Beckel had been entered in the district court on September 23. On October 17, on application of plaintiff, the trial court made an ex parte order granting plaintiff the right to move for a new trial as against defendant Beckel. On October 22 plaintiff served notice of a motion to have the judgment in favor of Beckel vacated and for a new trial as to him. On October 26 notice of an amended motion for the same relief was served. The amended motion was heard by the trial court on December 3, and the order granting it was made December 17. This appeal is from that order.

■ Under our decisions, an order granting a new trial is generally not appealable. Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844; Backstrom v. New York L. Ins. Co. 187 Minn. 35, 244 N. W. 64. But an order vacating a judgment is appealable. Morehart v. Furley, 152 Minn. 388, 188 N. W. 1001. An order granting a new trial after judgment has been entered vacates the verdict and judgment, and that result follows even though the motion for a new trial did not ask for a vacation of the judgment. Noonan v. Spear, 125 Minn. 475, 147 N. W. 654; Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623; and see opinion filed herein May 12, 1933 (Ayer v. C. M. St. P. & P. R. Co. 189 Minn. 90, 248 N. W. 749), denying motion to dismiss the appeal. The trial court has the power to hear and grant a motion for a new trial after judgment has been entered, within the time for appeal therefrom, under the limitations hereinafter considered. Cochrane v.

Halsey, 25 Minn. 52; Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129; Collins v. Bowen, 45 Minn. 186, 47 N. W. 719; Noonan v. Spear, 125 Minn. 475, 147 N. W. 654; Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623; Wilcox v. Hedwall, 186 Minn. 504, 243 N. W. 709.

■ It appears logically to follow from these rules that where a motion for a new trial is made and granted after entry of judgment, the order is appealable as an order vacating the judgment. Otherwise the party aggrieved would lose his right to appeal from an order vacating his judgment, and would have to suffer the delay and incur the expense incident to a new trial before he could appeal. The loss of his judgment, in the meantime, might be a serious detriment.

■ Coming then to the question of whether the trial court abused its discretion in granting the motion for a new trial: The limitations upon the power of the trial court to grant a new trial, after judgment, are clearly stated in the opinion by Chief Justice Gilfillan in Kimball v. Palmerlee, 29 Minn. 302, 303, 13 N. W. 129, 130:

"First, that the motion ought to, and, if the party has a reasonable opportunity, must be made and brought to a decision before judgment; second, but as the statute gives the absolute right to make the motion, the party may make it after judgment and within the time for bringing an appeal from the judgment, if, without fault or laches on his part, he has no reasonable opportunity to make it and bring it to a determination before judgment; third, if he have no reasonable opportunity to move before judgment, he must, on whatever ground he makes the motion, use reasonable diligence in doing so afterwards, and he will lose his right by neglect of such reasonable diligence; the determination of the question of reasonable diligence will necessarily be in the sound discretion of the trial court; fourth, that the rule is the same, whether the cause was tried by a judge, referee, or jury."

Here the verdict was rendered on January 9 and the judgment entered September 23 of the same year. Plaintiff had ample opportunity during the intervening eight and a half months to have a

case settled and to move for a new trial. The trial court made an order, without notice, on October 17, purporting to excuse plaintiff's delay. This order was granted on a petition by plaintiff's counsel, setting forth that this court, by its decision on the appeal of the railroad company filed October 14, 1932, 187 Minn. 169, 244 N. W. 681, had set aside the verdict against that company; that the trial court had held, upon the motion for a new trial by the railroad company, that the evidence justified a verdict against the railroad company, even if Beckel was not guilty of any negligence, and that plaintiff relied on such holding. But the decision of the trial court was promptly appealed by the company. Plaintiff knew then, and should have known from the time that the verdict was rendered, that it was contended by the company that, under the evidence, the verdict could not stand where Beckel was found not liable. Beckel was not a party to the motion for a new trial, or to the appeal by the railroad company, and his rights were not affected thereby. Plaintiff's counsel contended, both in the district court and in this court on the appeal by the company, that the verdict against the company and in favor of Beckel was right. He permitted the trial court, without objection, to instruct the jury that they could find such a verdict. The defendants took exception to that part of the charge, giving plaintiff's counsel notice thereby that said instruction was claimed to be erroneous. With all this knowledge, plaintiff stood by and took no steps to move for a new trial against Beckel until after the decision of this court some 11 months after the trial. He not only stood by, but approved and actively supported the verdict in Beckel's favor in both courts. While the trial court has discretion, upon cause shown, to excuse delays and defaults, it is not unlimited, but must be reasonably exercised and is subject to review by this court on the question of abuse of discretion. There was such laches and delay as to make it an abuse of discretion to permit plaintiff to move for a new trial and to grant said motion and vacate the judgment. Under the rules stated in Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129, there was reasonable and ample opportunity to move for a new trial before judgment, and

plaintiff was not without fault or laches on his part. Collins v. Bowen, 45 Minn. 186, 47 N. W. 719.

■ The motion to set aside the judgment was a part of the motion for a new trial, separately stated therein. It was but a cautionary matter incident to the motion for a new trial. Collins v. Bowen, 45 Minn. 186, 47 N. W. 719. If no new trial is granted, the motion to set aside the judgment should not be granted merely to clear the way for a new trial. Two of the grounds stated for setting aside the judgment are that it is illegal and unauthorized and that the court erred in permitting the jury to return the verdict it did return. No illegality or lack of authority is shown, and, as to errors of the court at the trial, such errors are reviewable on appeal from the judgment and not on motion to set it aside. A third ground for setting aside the judgment is that it was entered through inadvertence and mistake. Here again there is no showing of either inadvertence or mistake.

■ The trial court, in its order granting the dual motion to vacate the judgment and for a new trial, states that the motion is granted on the ground that substantial justice has not been done and that the verdict in favor of Beckel is perverse. This justifies a brief consideration of Beckel's situation and rights. In our opinion on the appeal of the railroad company in this case, hereinbefore cited, we said that on the evidence the plaintiff's testimony and theory of his case were very improbable and made a very strong case against the plaintiff on the facts. In his concurring opinion, Justice Stone said that on the question of negligence there was a manifest and palpable preponderance of the evidence against the plaintiff. It cannot be said that substantial justice has not been done or that there is a miscarriage of justice where a verdict and judgment, sought to be set aside, are sustained by the great, almost conclusive, weight of the evidence.

■ The word "perverse," used in the opinion referred to above, to characterize the verdict against the railroad company, is clearly shown to have been used in the sense that Beckel having been found free from negligence, and being the only employe of the company

for whose acts it could be held liable on the evidence presented, the company could not be held liable. The verdict in favor of Beckel cannot be held perverse or unjustified on this record. It was not passed upon or so held in the appeal of the railroad company.

The verdict and judgment in favor of Beckel being fully sustained by the evidence, there was no sufficient ground shown for vacating either. His rights were not affected by the decision on appeal by the railroad company, and his verdict and judgment should stand.

The order appealed from is reversed.

*WILSON, Chief Justice* (dissenting).
I dissent.

