JOANNA KRUCHOWSKI v. ST. PAUL CITY RAILWAY
COMPANY AND ANOTHER.[1]

No. 30,504.

December 6, 1935.

C. J. Menz, for appellant.

John A. Burns and Robert F. Koch, for plaintiff-respondent.

LORING, JUSTICE.

This is an appeal by the street railway company from an order vacating a judgment heretofore entered in its favor and granting plaintiff's motion for a new trial on the ground of newly discovered evidence.

After the case was tried it came here on appeal from an order denying defendant's motion for judgment or a new trial, and this court reversed the trial court and directed judgment notwithstanding the verdict. The case is reported in 191 Minn. 454, 254 N. W. 587, wherein are set forth the facts in detail.

Many questions are raised by the appellant as to whether the court below might entertain such a motion after this court has

[1]Reported in 263 N. W. 616, 265 N. W. 303, 821.

ordered judgment, and whether the motion was seasonably made and whether, as presented, it disclosed newly discovered evidence which would justify a new trial under any circumstances. As we view the record, it is unnecessary to pass upon anything more than the merits of the motion. We refrain from deciding the other questions.

It is the contention of the appellant that even if all the evidence, proposed by the affidavits, had been in the record in the trial which was had, the result in this court would nevertheless have been the same. With this contention we agree. On the trial there was no dispute as to how the accident happened. The sole eyewitness was the appellant's motorman, who saw Kruchowski at the intersection signaling for the streetcar to stop. The car was about to stop in response to a bell signal given by a passenger who desired to alight at the intersection where the accident occurred. Kruchowski was standing clear of the streetcar and stepped back from it just in time to be struck by Miller's automobile and thereby thrown upon the track when the front end of the streetcar was from five to ten feet from him. He was thrown far enough so that the streetcar fender shoved him to the left. Whether he was then struck by the left front corner of the streetcar or its left front wheel is of no importance as far as the determination of the case is concerned. At no time has there been any dispute as to how the accident happened or that he was struck by the streetcar. Hence the testimony of the doctors showing the character of the fracture to his ankle or lower leg throws no more light upon how the accident happened than was shown at the trial. Their testimony would add nothing and certainly would not change the result in the eyes of this court. Neither would the alleged spontaneous utterance of the injured man that he was "struck by a streetcar." That fact was conceded at all times, and it was further conceded upon the trial that the injuries received from the streetcar were a concurrent cause of his death. If the streetcar delivered the final blow which, contrary to the stipulation, was the sole cause of death, it does not change the result since we see no negligence on the part of the street railway.

It is proposed to show by other witnesses, two of whom testified upon the trial, that the car-stop sign had been changed from a point on the far side of the intersection to the near side at a time estimated to be about a month prior to the accident. This fact was before the court on the trial. This evidence is proposed upon the apparent theory that there was a possibility that the motorman had in mind the old car-stop and was running past the near-side stop. Just how this conduct, even if it had occurred, would constitute negligence which was the proximate cause of the injury to Kruchowski it is difficult to see. At any rate, as said by the trial court, it is only cumulative of what was shown upon the trial. There was no dispute as to the location of the car-stop sign at the time the accident occurred; there was some dispute as to where the car stopped, but some of the evidence tended to show that it stopped just where the proposed evidence indicates that it did. So the proposed evidence on this point is merely cumulative. There is no dispute that the car was about to stop in response to a bell signal from a passenger who proposed to alight. We are convinced that with all the proposed evidence in the record we would still be of the opinion that judgment notwithstanding the verdict should be entered. The whole result did not depend on the position of the car as it stopped after it hit Kruchowski. We do not so interpret our former opinion. The case turned on the point that [191 Minn. 457] "the motorman was not required to anticipate that a negligent motorist would pitch decedent from a safe position onto the streetcar track."

Further than this such evidence as is proposed would be merely cumulative, and there is no showing of diligence in its discovery. We are of the opinion that the trial court's discretion was abused in granting the new trial, and the order appealed from is reversed.

UPON APPLICATION FOR REARGUMENT.

On February 21, 1936, the following opinion was filed:

PER CURIAM.

The plaintiff insists that this order is not appealable. The question is no longer an open one in this court. True, the order here

involved is one granting a new trial, but it comes squarely within the rule laid down in Ayer v. C. M. St. P. & P. R. Co. 189 Minn. 359, 249 N. W. 581, 582. There, as here, a judgment had been entered below after an appeal to this court, and the order granting the new trial vacated the judgment. We there said [189 Minn. 361]:

"An order granting a new trial after judgment has been entered vacates the verdict and judgment, and that result follows even though the motion for a new trial did not ask for a vacation of the judgment. * * * It appears logically to follow from these rules that where a motion for a new trial is made and granted after entry of judgment, the order is appealable as an order vacating the judgment."

In passing upon the appeal from the order vacating the judgment we necessarily pass upon the court's action in granting a new trial, since that is the ground upon which the judgment is vacated.

Rehearing denied.

UPON APPLICATION FOR REARGUMENT.

On March 13, 1936, the following opinion was filed:

PER CURIAM.

The plaintiff-respondent has filed an application for permission to file a second petition for rehearing on the ground that in fact, and notwithstanding the recital of the lower court, there was no judgment of the district court entered below after the remittitur went down reversing that court and ordering judgment for defendant-appellant. The judgment of this court directing judgment below was in effect vacated by the order granting a new trial, and we hold that where that is done the order granting a new trial is appealable the same as if the judgment of the district court had been entered pursuant thereto and vacated by the order granting a new trial.

Application denied.