## IN RE ESTATE OF ANDRO (ALSO KNOWN AS ANDREW) STEVENS.
### JOHN STEVENS v. VIRGINIA STEVENS.[1]

August 3, 1945.

No. 34,071.

*Charles E. Carlson* and *I. H. Levine,* for appellant.
*A. J. Casey* and *Victor M. Petersen,* for respondent.

LORING, CHIEF JUSTICE.

This case comes before us upon a motion by plaintiff to dismiss the appeal, which is from an order granting a motion for a new trial made before the entry of judgment in the cause. As authority for the appealability of the order, the defendant cites Ayer v. C. M. St. P. & P. R. Co. 189 Minn. 359, 249 N. W. 581; Kruchowski v. St. Paul City Ry. Co. 195 Minn. 537, 263 N. W. 616, 265 N. W. 303, 821; Vasatka v. Matsch, 216 Minn. 530, 13 N. W. (2d) 483.

[1]Reported in 19 N. W. (2d) 744.

In all these cases, the motion for new trial was made after judgment, and the order granting it was held to be appealable because the effect of it was to vacate the judgment.

An order granting a new trial on the ground of newly discovered evidence made before the entry of judgment is not appealable under the statute. Minn. St. 1941, § 605.09(4), (Mason St. 1940 Supp. § 9498[4]); Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844; Kramer v. Bennett, 174 Minn. 606, 219 N. W. 291; Davis v. Royce, 174 Minn. 611, 219 N. W. 928. The validity of the stays granted by the trial court cannot be presented here on this motion. Plaintiff's remedy against such unauthorized stays was by writ of prohibition. State ex rel. Byram v. Johnson, 173 Minn. 271, 217 N. W. 351.

Appeal dismissed.