REUBEN L. GRORUD AND ANOTHER v.
LARUS THOMASSON AND ANOTHER.

177 N. W. (2d) 51.

May 8, 1970—No. 41900.

*Curtis L. Charlson,* for appellants.
*Wambach & Beuning* and *O. C. Adamson II,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendants appeal from an order which, as to plaintiff Sara Grorud only, granted a new trial and vacated the judgment for defendants.[1]

---

[1] The order granting a new trial, filed subsequent to entry of judgment, had the effect of vacating the judgment. Noonan v. Spear, 125 Minn. 475, 147 N. W. 654; Ayer v. Chicago, M. St. P. & P. R. Co. 189 Minn. 359, 249 N. W. 581. The order is accordingly appealable. See, Minn. St. 605.09(d); Rules of Civil Appellate Procedure, Rule 103.03(d); People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219; Ayer v. Chicago, M. St. P. & P. R. Co. *supra;* Kruchowski v. St. Paul City Ry. Co. 195 Minn. 537,

This litigation arises out of an automobile collision, in which defendant Zelta M. Thomasson drove defendant Larus Thomasson's automobile into the rear of an automobile driven by plaintiff Reuben L. Grorud, in which plaintiff Sara Grorud, who sustained personal injuries, was a passenger. The jury, in rendering a defendants' verdict against the non-negligent plaintiff passenger, implicitly found that defendants were not negligent.

We are confronted at the outset by the doubtful validity of the order granting a new trial, even though the issue is not raised by either party. It is fundamental that a new trial may be granted only for cause specified in Rule 59, Rules of Civil Procedure. The order itself is silent as to cause. An accompanying memorandum, set forth in the margin,[2]

<hr>

263 N. W. 616; Kjeldergaard v. Gulliford, 260 Minn. 234, 109 N. W. (2d) 586; Foster v. Herbison Const. Co. 263 Minn. 63, 115 N. W. (2d) 915. Cf. Ginsberg v. Williams, 270 Minn. 474, 135 N. W. (2d) 213, decided under a different statutory provision.

[2] "The collision occurred in the late afternoon on a clear summer day while both vehicles were proceeding in an easterly direction on a straight and fairly level state highway. There was no other traffic at the time. It was Reuben Grorud's testimony, and not disputed, that ahead of his car was a truck, with wagon attached, being driven at a slow rate of speed.

"If the truck, with wagon attached, was proceeding at less than the normal speed of traffic it was required to be driven as close as practicable to the righthand edge of the roadway. MS § 169.18, Subd. 10. If it was so driven, defendant Zelta Thomasson could, and should have observed the speed of the truck and attachment, just as Reuben Grorud did. If, as she testified, she was 150-170 feet behind the Grorud car prior to the collision, weather and road conditions being nearly ideal, there appears to be no excuse for the collision and it is difficult to understand how and why it happened without some negligence on her part. Pluwak v. Lindberg, 268 Minn. 524, 532; 130 N. W. 2d 134. The occurrence of a rear-end collision suggests negligence on the part of the following driver. Connaker v. Hart, 275 Minn. 289, 291; 146 N. W. 2d 607. Ordinarily the driver of a following vehicle has the duty of having it under such control as to be able to stop in time before coming in contact with a preceding vehicle slowing down because of traffic conditions ahead. See M.S. § 169.18, Subd. 8; Pluwak v. Lindberg, supra, p. 534 (268 Minn.).

"Unfortunately, in its instructions the court overlooked giving M.S. § 169.18, Subd. 8(a), relating to 'following too closely.' Attention

does indicate the court's reasoning but in a manner that does not remedy the jurisdictional defect. First, its stated conclusion is that "the ends of justice can best be served by granting a new trial," which, as we held in Ginsberg v. Williams, 270 Minn. 474, 135 N. W. (2d) 213, is not an authorized cause for granting a new trial. Second, although it is rather apparent that the court thought that the verdict was not justified by the evidence, this authorized ground, stated in Rule 59.01(7), is subject to the condition that "unless it be so expressly stated in the order granting a new trial, it shall not be presumed, on appeal, to have been made on the ground that the verdict, decision, or report was not justified by the evidence." The memorandum, moreover, was not made part of the order granting a new trial.

We are reluctant to make final disposition of this appeal because of a jurisdictional defect where it is so apparent that the defect is probably the result only of judicial oversight. We think it appropriate to remand to the trial court to afford it opportunity to make express what it seemingly implied. This court said in Ginsberg (270 Minn. 484, 135 N. W. [2d] 220):

"* * * [E]ach of the causes enumerated [in Rule 59.01] is designed to promote justice and prevent injustice. It is one thing to order a new trial 'on the ground that on the evidence substantial justice has not

---

was not called to this oversight. Its inclusion undoubtedly would have counter-balanced the impact of § 169.19, Subds. 6, 7 and 8 which were requested by defendants and given.

"The jury by its verdict determined that Reuben Grorud was negligent. There is credible evidence to support that determination.

"The operator of the truck was not called as a witness. The dimensions of his truck and wagon were not disclosed. To what extent they could have been seen ahead of plaintiffs' vehicle, and the speed at which the truck was being driven were not developed.

"Plaintiff Sara Grorud was wholly without fault. Defendant does not contend otherwise. As to her the verdict is difficult to explain. Had § 169.18, Subd. 8(a) been given in the instructions and had evidence been adduced with reference to the appearance and manner of operation of the truck, there is reason to believe the verdict would have been in her favor.

"All of the foregoing matters considered, it is concluded that the ends of justice can best be served by granting a new trial in the action of plaintiff Sara Grorud. Accordingly, it is so ordered."

been done' or in the interest of justice on the ground that the evidence does not justify the verdict, and quite another thing to order a new trial simply 'in the interests of justice.'"

We do not by this remand, however, intimate any view as to the propriety of granting a new trial on the ground that the evidence did not justify the verdict for defendants. This ground, as we noted in Ginsberg (270 Minn. 484, 135 N. W. [2d] 220) "vest[s] the broadest possible discretionary power in the trial court."[3]

Remanded.

---

[3] We have assumed that the trial court did not intend to grant a new trial on the ground of error as to fundamental law. Although its memorandum discusses its failure specifically to instruct as to Minn. St. 169.18, subd. 8(a), plaintiffs' motion for a new trial more generally referred to the failure of "instructions with respect to reciprocal duties of lead vehicle and following vehicle." The court's instructions did include such instructions, and after completion of the instructions plaintiff stated that they were satisfactory. If our assumption is incorrect, that, too, may be clarified upon this remand.