M. A. DAVITT, *d. b. a.* EDINA REALTY, v. J. N. BLOOMBERG AND ANOTHER.[1]

February 11, 1943.

No. 33,259.

*Seth Lundquist,* for appellants.
*Covell & Root,* for respondent.

HENRY M. GALLAGHER, CHIEF JUSTICE.

Plaintiff, a real estate broker, sued defendants, husband and wife, to recover a commission claimed to be due him for finding a purchaser of defendants' property. The jury returned a verdict for plaintiff for $750, upon which judgment was entered. Defendants appeal from an order denying their motion to vacate the judgment and to grant judgment *non obstante* or a new trial.

[1]Reported in 8 N. W. (2d) 16.

Defendants were contractors engaged in building houses for sale. One of their houses was located at 5645 Wooddale avenue in Minneapolis. In July 1939 they listed it for sale with plaintiff for $16,500. It was understood that plaintiff would be entitled to a commission of five percent of the sale price if he found a purchaser. Defendants gave listings on this property to other real estate firms at other sales prices.

Mrs. Anna S. Amidon purchased the property here involved about September 21, 1939, apparently through Confer Bros., another real estate brokerage. The contract was made on a form prepared by that firm. The sale price was $15,000, and the contract provided that "the seller is to pay no commission because it is understood and agreed that purchaser will pay Confer Bros. the full commission." It is conceded that the deal was consummated in accordance with the terms of the contract.

The assignments of error present several questions but not the one determinative of this appeal. One ground for denying defendants' motion, as indicated by the trial court's memorandum, was laches in making the motion. There is no assignment challenging the court's action in denying the motion upon that ground. In the light of our previous decisions, it would be unavailing on the record here presented. The verdict was returned March 31, 1941, at which time the court granted a 30-day stay. On May 26, 1941, defendants ordered a transcript of the testimony, and it was stipulated and ordered by the court that the motion for relief should be served upon plaintiff within 15 days after delivery of the original transcript by the reporter; and a stay of proceedings was granted until July 25. The transcript was delivered to defendants' attorney on June 16. Plaintiff served defendants with notice of taxation of costs and entry of judgment September 5. A settled case was allowed five days later. The judgment was transcribed from the municipal to the district court and there docketed on September 26. Execution was levied on December 31 and $350.25 was collected. A second execution was levied on January 30, 1942, and defendants' automobile was seized by the sheriff. On Febru-

ary 13, 1942, three days before the automobile was to be sold at the sheriff's sale, defendants moved for judgment or a new trial and obtained an order restraining the execution sale pending determination of that motion. The motion for judgment or a new trial was heard February 28, and denied March 7, 1942. Thus it will be seen that almost a year elapsed between the date of the verdict and the date of the hearing on the motion for new trial.

The rules governing the time within which a motion for new trial should be made were stated by Mr. Chief Justice Gilfillan in Kimball v. Palmerlee, 29 Minn. 302, 303, 13 N. W. 129, 130:

"At common law the rule was that a motion for a new trial could be made only before judgment. The cases referred to may be said to establish these propositions: *First,* that the motion ought to, and, if the party has a reasonable opportunity, must be made and brought to a decision before judgment; *second,* but as the statute gives the absolute right to make the motion, the party may make it after judgment and within the time for bringing an appeal from the judgment, if, without fault or laches on his part, he has no reasonable opportunity to make it and bring it to a determination before judgment; *third,* if he have no reasonable opportunity to move before judgment, he must, on whatever ground he makes the motion, use reasonable diligence in doing so afterwards, and he will lose his right by neglect of such reasonable diligence; the determination of the question of reasonable diligence will necessarily be in the sound discretion of the trial court; *fourth,* that the rule is the same, whether the cause was tried by a judge, referee, or jury."

In that case the trial was had April 5, 1881. Judgment was entered October 20, 1881, the motion for new trial was made December 21, 1881, and heard January 16, 1882. The trial court denied the motion because of laches in the making of it, and this court affirmed the decision.

We have ever since adhered to the rules laid down in the Kimball case. A similar question was presented in Collins v. Bowen,

45 Minn. 186, 47 N. W. 719. There judgment was entered four months after the date of the verdict. A motion for new trial was served the day after judgment was entered. This court upheld the trial court's denial of a motion for new trial. Mr. Justice Collins, speaking for the court, said (45 Minn. 189, 47 N. W. 720):

"In the period of more than four months which elapsed between its [the verdict's] rendition and the entry of judgment, the appellant had an abundance of time and ample opportunity, with a liberal construction of his affidavits, to procure a transcript from the stenographer, have the case settled, the motion for a new trial argued and determined, before judgment was entered, had he been reasonably active and diligent. As he failed to avail himself of the opportunity, the court below was justified in refusing to consider the motion on its merits."

The facts upon which the claim of laches was predicated in Ayer v. C. M. St. P. & P. R. Co. 189 Minn. 359, 249 N. W. 581, are comparable to those of the instant case. There the trial court granted a motion for new trial made eight and one-half months after the verdict. We reversed, holding that it was an abuse of discretion to grant a new trial after such a delay.

Here, defendants' only attempted justification for the delay in proceeding with their motion for new trial is that their counsel was engaged in other professional duties. This is not a legitimate excuse. 5 Dunnell, Dig. & Supp. § 7087. Nor can the delay be excused by asserting that opposing counsel delayed examination of the transcript. In any event, whether defendants moved within a reasonable time was a matter within the discretion of the trial court, and there is no semblance of an abuse thereof on the showing here made.

Defendants' failure to present a timely motion for new trial renders superfluous any further discussion of the assignments of error. We have, however, examined the record and conclude that none of the claimed errors requires a reversal.

The order appealed from is affirmed.