CARRIE B. WHITMAN v. MARK FITZPATRICK.[1]

December 29, 1933.

No. 29,692.

*Dexter F. Hamilton,* for appellant.
*Hallam & Hendricks,* for respondent.

*PER CURIAM.*

Action to recover on a $2,500 promissory note. The answer admitted the execution and delivery of the note and that no part of it had been paid; alleged lack of consideration as a defense; and also set up certain counterclaims. The case was tried to the court without a jury. Judgment in favor of plaintiff for the amount claimed was ordered. The appeal is from an order denying a motion for a new trial.

Although there was evidence relative to the counterclaims, no point in that regard is involved in this appeal. Defendant claimed he was a conditional guarantor. There was abundant evidence from which the court could find, as it did, that there was consideration given for the note and that defendant was not a guarantor.

One of the grounds in defendant's motion for new trial was that material evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial, materially affected defendant's rights. The claimed newly discovered evidence consisted of the pleadings in an action previously brought by this plaintiff against W. D. Collins and Ann M. Kelly, and certain documents incident thereto. That action arose out of the same transaction as did the note here in suit. It was never tried, nor were the pleadings filed. The complaint therein sounding in tort alleged fraudulent representations on the part of those defendants and that plaintiff, believing such representations, furnished the $2,500. The attorneys for the respective parties in that action were not the same as those in the instant case. The complaint and replies therein were not verified.

At the trial of the instant case defendant's counsel had with him the note of issue in the previous action. He inquired of plaintiff relative thereto while she was a witness. Plaintiff disclaimed any recollection of

[1]Reported in 251 N. W. 901.

the action. The attorney for plaintiff in that action was in court during a substantial portion of the trial of the present case. The motion for new trial on account of newly discovered evidence was supported by an affidavit of the attorney who represented the defendants in the previous action and in which he certified that the copies of the pleadings attached to the affidavit were true and correct.

There appears to be no reason why, knowing of the pendency of the previous action, defendant's counsel could not with diligence have secured copies of the pleadings therein and the other papers either before or at the trial as readily as a few days later. In any event, as stated by the trial court, it is doubtful whether the evidence would have been admissible in establishing a defense of no consideration.

Affirmed.