## W. J. HLUBECK v. EMIL BEELER.[1]

March 19, 1943.

No. 33,378.

[1]Reported in 9 N. W. (2d) 252.

*Lewis E. Jones* and *R. N. Nelson,* for appellant.

*Murphy, Johanson & Winter* and *Clifford Schneller,* for respondent.

PETERSON, JUSTICE.

In the complaint plaintiff alleged causes of action for goods sold and delivered, for rent due for occupation of a house, for money had and received, and for the conversion of certain horses. The answer contained a general denial and a counterclaim for wages due under a contract of employment whereby plaintiff hired defendant as a salesman of farm machinery at an agreed compensa-

tion of $25 per week plus a commission of two percent on all sales of farm machinery and equipment, amounting to $850, from which plaintiff was entitled to deduct $180 balance due for rent and $150 paid as part of the commissions, leaving a balance of $520 due defendant. The reply denied the counterclaim and alleged that by reason of unfaithfulness defendant forfeited any claims that he might otherwise have for the services rendered.

The cause of action for conversion is out of the case upon plaintiff's concession.

The evidence was conflicting as to the terms of the employment. Plaintiff is a dealer in farm machinery and equipment at Breckenridge. In December 1940, defendant, who was then employed by plaintiff at $18.75 per week as a salesman of farm machinery and equipment, was about to quit to accept a similar position at Morris. According to plaintiff's evidence, the parties agreed that thereafter defendant would continue to work for plaintiff at a salary of $25 per week plus ten percent of the net profits of the business. Defendant's evidence was to the effect that under the new arrangement he was to receive $25 per week plus two percent of the gross sales of plaintiff's business, which amounted to $30,823.48 during the time the employment continued.

There was no serious dispute about the other items, except some seat covers for an automobile costing $2.60. Plaintiff's evidence was that the balance due for rent was either $135 or $140; that plaintiff sold to defendant merchandise, including the seat covers, amounting to $17.11; and that defendant collected $150 on a tractor sold to one Thiede, which defendant appropriated. Some exhibits to show purchases of the merchandise were introduced in evidence. The contents of the exhibits were given in the oral testimony.

At the trial plaintiff offered to show, not as an offset to defendant's counterclaim, but as evidence of his unfaithfulness as an employe, in support of his claim that thereby defendant had forfeited his right to compensation, that in November 1940 defendant had collected $28 from one Sweiven, which he retained. This offer

was ruled out as being immaterial and irrelevant because it occurred prior to the period covered by the contract on which defendant sought to recover.

Although plaintiff claimed to the contrary, the court instructed the jury that there was no hiring for any definite period.

Defendant had a verdict for $314.06. It is apparent that the jury adopted his version as to the terms of the contract and allowed him $616.46 as two percent of plaintiff's gross sales and deducted therefrom $302.11, representing $135 for rent (the jury took the smaller figure given by plaintiff), the $17.11 for merchandise sold to defendant, and the $150 which defendant collected from Thiede. Apparently in subtracting to compute the amount of the verdict a mistake of 29 cents in favor of plaintiff was made.

After verdict plaintiff moved for a new trial. The claims of error relied on were: Charging the jury that defendant had a right to quit plaintiff's service at any time without affecting his right to compensation; irregularity in the proceedings, consisting of the loss by the clerk of court of the exhibits to substantiate plaintiff's claims of the sales of merchandise to defendant; newly discovered evidence, consisting of the affidavits of two employes during the period of the employment, to the effect that the terms of the contract of hiring were as plaintiff claimed they were; denial of leave to show the payment by Sweiven to defendant as grounds of forfeiture of his right to compensation; and that the verdict is contrary to law and to the evidence for the alleged reason that defendant, by retaining the Thiede payment of $150, forfeited his right to compensation.

■ The instructions should be considered as a whole. Therefore, some further statement should be made to show the import of the instruction complained of. The court stated the claims of the parties and instructed the jury that defendant was not entitled to recover any commissions at all unless it found that the contract of hiring was in accordance with his version, and that in the event it so found defendant was entitled to commissions amounting to two percent of $30,823.48. Under that instruction

defendant was not entitled to recover any commission, if the contract was as plaintiff claimed it was. According to defendant's version, and there was no contradiction except as to the existence of the contract of hiring itself, he was not hired for any definite time and could leave the employment at any time without affecting his right to wages and to commissions earned.

If the hiring was as plaintiff claimed, defendant was not entitled to any commission unless he stayed with plaintiff for a year.

It is clear that the jury adopted defendant's and rejected plaintiff's version of the contract of hiring. In that view, defendant had a right to quit at any time without affecting his right to wages and to commissions earned, and the instruction was plainly in accordance with the evidence. Since plaintiff's version was rejected and since the question whether defendant had the right to quit before the expiration of a year without forfeiting his commissions could only arise if his version had been found to be true, the instruction in question could not have had any bearing on plaintiff's right to recover. Therefore, if there was any error, it was without prejudice. Since the jury found that the contract was in accordance with defendant's version, the jury were not influenced by the instruction in any way prejudicial to plaintiff. A new trial will not be ordered where error, if any, in the instructions was obviously without prejudice. Ensor v. Duluth-Superior Transit Co. 201 Minn. 152, 275 N. W. 618. This is such a case.

■ The loss of the exhibits did not result in any prejudice to plaintiff. Their contents were stated in the oral testimony and thus were fully before the jury. The verdict shows that plaintiff's claims for merchandise sold were allowed in full. A new trial will be granted only where it is apparent that the error materially prejudiced the plaintiff. Dahlstrom v. Hurtig, 209 Minn. 72, 295 N. W. 508. Here, lack of prejudice affirmatively appears.

■ The motion for new trial upon the ground of newly discovered evidence was properly denied for lack of a proper showing of diligence in attempting to discover the same before trial. The affiants were employes of plaintiff. There was no reason why he

could not have ascertained from them before trial the facts which he discovered by mere inquiry of them afterwards. A party may properly be held to be guilty of lack of diligence where the same diligence which led to the discovery of the new evidence after trial would have discovered it had such diligence been exercised prior thereto. Merek v. S. J. Groves & Sons Co. 200 Minn. 418, 274 N. W. 402.

■ An employe, as an implied condition of his employment and which is as much a part thereof as if stated in express terms, is bound to serve his employer faithfully and honestly. Faithful and honest service conditions the right to compensation. Embezzlement of the employer's funds coming into his hands by an employe is a breach of contract which "goes to the very root of the subject-matter of the contract of service." Peterson v. Mayer, 46 Minn. 468, 470, 49 N. W. 245, 246, 13 L. R. A. 72.[2] In the cited case we held that, where compensation for the service is payable monthly, each month was an entire and separable period of service and that an embezzlement by an employe occurring during one or more months did not prevent recovery by him of compensation for subsequent months. In the instant case the evidence was such as to support a finding that defendant retained the $150 collected from Thiede with plaintiff's consent, to apply on his commissions pending an adjustment of their accounts. The court below properly submitted this issue to the jury to find the fact. The finding in favor of defendant that he retained the money with plaintiff's consent shows that there was no breach of contract and no basis for forfeiture of compensation because defendant kept that money. The retention of the money collected from Sweiven was irrelevant to show a forfeiture, because it occurred before the contract under which defendant rendered the services in question was entered into by the parties. The prior contract of employment was entirely separable from the one sued on. Peterson v. Mayer, *supra*.

Affirmed.

---

[2]*Cf.* In re Estate of Lee, 214 Minn. 448, 9 N. W. (2d) 245, involving an attorney's right to compensation where he was guilty of breach of duty.