290 P.2d 478

Nick D. KOTSONAROS, Appellant,

v.

STATE OF MINNESOTA, Appellee.

No. 5991.

Supreme Court of Arizona.

Nov. 22, 1955.

Scruggs & Rucker, Tucson, for appellant.

Roylston & Roylston, Tucson, for appellee.

LA PRADE, Chief Justice.

This is an appeal from an order of the superior court granting plaintiff-appellee, the State of Minnesota, a new trial. Parties will be referred to by their lower court designations.

The facts necessary to a decision of this case are as follows. The State of Minnesota commenced an action in the superior court of Pima County and in its complaint alleged that the defendant, Nick D. Kotsonaros, a resident of that county, was indebted to the State of Minnesota for nonpayment of state income taxes. The defendant admitted residency and generally denied the other allegations of the complaint. Upon trial of the cause counsel for plaintiff was unsuccessful in his attempt to put into evidence copies of defendant's Minnesota state income tax returns, whereupon counsel for plaintiff called the defendant to the stand for cross-examination under the rule as an adverse party. After identifying the copies of two tax returns defendant was asked if the returns he filed showed the same amount of income as was shown on the exhibits. He answered affirmatively. Next he was asked whether he had paid the amount indicated on the returns he had filed. To this the defendant said he had made payment. Without any further evidence plaintiff rested, whereupon defendant moved for judgment on the ground that the uncontradicted testimony before the court showed that the taxes had been paid. The motion was granted.

Plaintiff then sought a new trial based on the ground of surprise. The claimed surprise was the testimony of defendant that he had paid the taxes. The motion was argued and allowed. It is from this order that the appeal is taken.

It is the general rule that the granting of a new trial on this or any ground is to a great extent discretionary with the trial court. But this discretion, although broad, is a legal and not an arbitrary discretion and must be exercised in a legal manner. Zevon v. Tennebaum, 73 Ariz. 281, 240 P.2d 548 (citing cases). As the facts in this case are undisputed, the motion for a new trial was apparently granted solely on questions of law. Therefore, the only question to be decided on this appeal is whether the trial court erred in granting a new trial.

The right to a new trial in Arizona is given by rule, Section 21-1301, A.C.A.1939. Included among the specific grounds is "Accident or surprise which *could not have been prevented by ordinary prudence.*" (Emphasis supplied.) Thus while the trial judge has a degree of discretion in the granting of a new trial it must be exercised within the limits of the applicable rules. Counsel for the plaintiff states in his brief:

. "It was appellee's intention to prove the second point by calling appellant to the witness stand and having him state that he had not paid the sums."

Counsel for plaintiff stated in his affidavit in support of his motion for a new trial that he was "led to believe" that the defendant would testify that he had not paid the amounts due. But nowhere in the affidavit does he state that the defendant or his attorney positively and unequivocally told him that they would not claim payment as a defense. It is apparent from a reading of the instrument that counsel's claim of surprise was based on his own mental conclusions of what the defendant would or would not testify to, and not on any positive statements of the defendant or his attorney in that respect.

■ Plaintiff claims as further grounds for surprise that defendant in his answer did not affirmatively allege payment as a defense, and that the denials of the defendant were not sufficient to put payment in issue, citing Section 21–406, A.C.A.1939, which states:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * *, payment, * * * and any other matter constituting an avoidance or affirmative defense."

Plaintiff confuses the instant case with the case where the party who failed to plead an affirmative defense seeks, over

objection, to offer evidence of it. Here the plaintiff raised the question of payment and prepared the ground for the defendant's answer. By its own acts plaintiff waived its right to claim surprise to testimony of payment of the amounts due.

Plaintiff cites the case of Whitfield v. Debrincat, 18 Cal.App.2d 730, 64 P.2d 960, as authority for allowing a new trial upon the surprise engendered by the testimony of a witness. In that case the witness who created the surprise by testifying in a manner different from a pre-trial interview was the examining parties" own witness, not the adverse party. Hence the case is distinguishable and no authority here. While the plaintiff's counsel might have genuinely been surprised, the heart of the whole matter, and the only thing that had to be decided by the trial court on the new trial motion and by this court on appeal, is whether as a matter of law, based on the aforegoing facts, the surprise was such as could not have been prevented by ordinary prudence.

■ We are of the opinion that the plaintiff's counsel failed to exercise the requisite "ordinary prudence" to guard against surprise on the trial of the case. In the case of Jacobson v. Hamman, 45 S. D. 542, 189 N.W. 517, 519, the defendant in support of his motion for a new trial claimed that he was surprised by the testimony of the plaintiff. In answer to this the court said:

"The rule seems to be well settled by the authorities that neither party is entitled to a new trial on the ground that he was 'surprised' by the testimony of the *adverse party*. (Citing cases.) * . * * " (Emphasis supplied.)

Plaintiff's failure in this case to make use of any of the procedures provided by our rules to determine exactly what the adverse party would testify to, constitutes failure to exercise ordinary prudence. When a party is basing his entire case on something as uncertain as the testimony of an adverse party, prudence demands that he use some of the discovery devices provided by the rules of pleading to ascertain in advance what the testimony will be; or to use the pretrial information to impeach the testimony at the trial if it is of a surprising and contrary nature.

There is no evidence that any information was refused the plaintiff or that he sought to use the discovery devices. The surprise in this case could have been prevented by ordinary prudence. Therefore, under the circumstances, we conclude that the trial court erred in granting the motion for a new trial.

The order granting the new trial is vacated and the cause is remanded with directions to reinstate the judgment in favor of the defendant.

UDALL, WINDES, PHELPS and STRUCKMEYER, JJ., concur.