ROBERT C. BROWN v. ALDEN L. BERTRAND.
WESTERN CASUALTY & SURETY COMPANY, GARNISHEE.

94 N. W. (2d) 543.

January 16, 1959—No. 37,454.

---

*Carroll, Thorson, Anderson & Cronan* and *Herbert C. Davis,* for appellant.

*Johnson & Johnson,* for respondent.

THOMAS GALLAGHER, JUSTICE.

In an action for personal injuries by Robert C. Brown against Alden L. Bertrand, a judgment for $12,000 was entered for plaintiff on December 28, 1951, pursuant to a stipulation of settlement. Subsequently, a garnishment summons was served upon Western Casualty & Surety Company, appellant herein. It then disclosed that it was under no indebtedness to defendant. On March 27, 1953, a supplemental complaint was served upon it by plaintiff in the original action. In its answer the garnishee again denied liability, contending that a policy of comprehensive personal liability insurance issued to defendant did not cover the accident in which plaintiff sustained his injuries.

As an outcome of these proceedings, the trial court made findings and ordered judgment dismissing the supplemental complaint on the merits. Judgment pursuant thereto was filed September 4, 1956. An appeal from this judgment was taken by plaintiff shortly thereafter and briefs and records therein filed in this court. Subsequent thereto, on July 9, 1957, plaintiff served a notice of motion for vacation of the judgment and a new trial on the ground of newly discovered evidence and thereupon moved this court to remand the case for the purpose of hearing such motion. On August 6, 1957, this court remanded the case so that plaintiff's motion could be determined. Thereafter on October 30, 1957, the district court made its order granting plaintiff's motion, and the present appeal by the garnishee is from this order.

On appeal the garnishee contends (1) that part of the alleged new evidence would have been inadmissible at the trial; (2) that such evi-

dence was not newly discovered after the trial; (3) that had plaintiff used reasonable diligence he would have discovered it prior to trial.

The garnishee's liability is dependant upon the provisions of a policy of comprehensive personal liability insurance in which defendant is named as the insured. Therein his address is given as "Rural Mankato, Minnesota," where he was living with relatives at the time. It provided that the insurer would pay on behalf of the insured all sums which the insured should become obligated for by reason of liability imposed upon him for damages and bodily injuries and loss of services sustained by any person while upon the premises described under the insuring agreement as follows:

"IV Premises, Business, Residence Employee defined:

"(a) *Premises.* The unqualified word 'premises' means (1) all premises where the named insured or his spouse maintains a residence and includes private approaches thereto and other premises and private approaches thereto for use in connection with said residence, except business property and farms, * * * (4) vacant land, other than farm land, owned by or rented to an insured, including such land upon which a one or two family dwelling is being constructed for the insured by an independent contractor."

Plaintiff was injured while engaged in helping defendant in constructing a house on a vacant lot belonging to defendant located at 600 West Second Street in Mankato. Work thereon was commenced May 1, 1950, and completed November 15, 1950, at which time defendant moved into the house. Plaintiff's accident occurred August 20, 1950, when construction had progressed to the extent of the basement, frame, and roof. Plaintiff had assisted defendant on Sundays and on some evenings. He received no wages for his work, as he was employed elsewhere. He is related to defendant. The accident occurred when he fell from a scaffold while nailing siding to the house frame. He is not a carpenter by trade. Defendant had constructed the scaffold. The garnishee contends that there is no liability under the policy because the lot upon which plaintiff was working when injured was (a) not vacant land; (b) not defendant's residence; and (c) not one upon which a one or two-story dwelling was being constructed for defendant *by an independent con-*

*tractor,* all as required by IV(a) (1 and 4) of the policy.

At the commencement of trial in the action against garnishee, plaintiff moved to amend the supplemental complaint so as to enlarge the action to include a claim for reformation of the policy to conform to the intentions of the parties that it cover the premises at 600 West Second Street, Mankato. No order was made in connection therewith. The court stated that it would not make its ruling thereon until it had an opportunity of seeing how such reformation would tie in with the trial of the other issues, and that, if necessary, the issues involving reformation of the policy could be tried at some other time.

In the trial of the present proceedings, plaintiff sought to present evidence to show that it was the intention of the garnishee and defendant to insure the premises upon which the construction work was to be performed. The court sustained objection to this line of testimony, stating the issue arising thereunder would be tried on another day as a separate issue. At the end of the trial plaintiff renewed the motion to reform the policy to conform to the intention of the parties, but no ruling was made thereon. In its findings the trial court determined that:

"7) The policy * * * contains the following provisions:

\* \* \* \* \*

"No action shall lie against the company unless as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"8) There was no written agreement of the insured, the claimant and the company as provided by Paragraph 7 of the Conditions of the policy.

"9) The premises upon which the accident occurred were not maintained by the insured or his spouse as a residence, * * * the property was not vacant land, the structure being erected was not being erected by an independent contractor, but by the Defendant, and the Court therefore finds that the property upon which the accident occurred was not within the definition of premises contained in the policy.

* * * * *

"11) The judgment entered pursuant to Stipulation between Robert C. Brown and Alden C. Bertrand was not res judicata and binding upon the Western Casualty and Surety Company * * *."

The newly discovered evidence forming the basis for the new trial relates to an affidavit of one C. C. Goff, the agent of the garnishee at the time the policy was issued, to the effect that prior to its issuance he had urged defendant to obtain a liability policy against loss for injuries which might arise out of the construction work on the property at 600 West Second Street, Mankato; that he had been advised that defendant's relatives and friends were helping him in such construction in their leisure time but not as regular employees; that he then explained that any claim under ordinary workmen's compensation policies would not cover this type of employee and suggested the liability policy in lieu of a workmen's compensation policy; that he had determined that the proper address to be used under declarations would be defendant's temporary residence with his relatives and not the location upon which the new house was being constructed, but understood that the policy was intended to extend coverage to the latter location; and that later, as a matter of expediency, a written endorsement was issued, setting forth that the address given in the description was temporary and was to be amended to read 600 West Second Street, Mankato; that the endorsement was in terms as follows:

"Endorsement

"The address is amended to read 600 West Second St. Mankato, Minn., upon completion of the residence premises, expected September or October 1950.

"All other terms, limits and provisions of this policy remain unchanged.

"Attached to and made a part of Policy No. CCP 21684 of The Western Casualty and Surety Company, and/or Western Fire Insurance Company, of Fort Scott, Kansas.

"Issued to Alden L. Bertrand, Mankato, Minn.

"Endorsement Effective, July 5, 1950."

Mr. Goff further affirmed that such endorsement was intended to

cover the new location on which the residence was being constructed and defendant's liability for injuries arising out of the work being performed thereon.

■ This case was remanded for the purpose of the motion for a new trial "upon the grounds of newly discovered evidence." The motion therefor was made pursuant to Rule 60.02 of Rules of Civil Procedure which authorizes relief "from a final judgment * * * for * * * (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; * * *." Here the court's order vacating the judgment and granting a new trial was based upon the ground of "newly discovered evidence." In a memorandum attached thereto the court stated:

"This is a hearing on a motion for vacation of judgment and for a new trial, based on newly discovered evidence, * * *."

We have frequently held that an order for a new trial made after entry of judgment which in effect vacates the judgment is appealable. Vasatka v. Matsch, 216 Minn. 530, 13 N. W. (2d) 483; Kruchowski v. St. Paul City Ry. Co. 195 Minn. 537, 263 N. W. 616, 265 N. W. 303, 821; Ayer v. Chicago, M. St. P. & P. R. Co. 189 Minn. 359, 249 N. W. 581; Morehart v. Furley, 152 Minn. 388, 188 N. W. 1001; 37 Minn. L. Rev. 344. We find nothing in Rule 60.02 which compels a contrary conclusion notwithstanding the provision therein to the effect that a motion such as this does not affect the finality of a judgment or suspend its operation. Presumably this clause relates to the interval during which such motion is pending and would have no application after its determination has resulted in a vacation of the judgment involved.

■ To support an order of this kind, the newly discovered evidence must have been relevant to the issues and admissible in the trial. Whitman v. Fitzpatrick, 190 Minn. 633, 251 N. W. 901; Ryan v. Simms, 147 Minn. 98, 179 N. W. 683. Here there seems to be little doubt but that the "newly discovered evidence" relied upon in part at least meets the prescribed test. It consists of an *Endorsement,* which was to have been affixed to and formed a part of the policy and which amended

the residence address of the insured therein; and also the testimony expected to be elicited from Mr. C. C. Goff, formerly the garnishee's agent, to the effect that he represented the garnishee in issuing the policy and that it was the intention of both the insurer and insured that the policy's coverage extend to the premises described as 600 West Second Street, Mankato, including the construction of the house thereon. Certainly, the *Endorsement* was admissible under the pleadings; and in the trial of the issues still remaining undetermined, it may be that Goff's testimony would be admissible therein.

At the time of the trial Goff was still employed by the garnishee and was not friendly to plaintiff's cause. He advised plaintiff's counsel that any information he had would be given only under subpoena. When plaintiff's counsel sought to elicit from him that the policy was intended to cover the premises at 600 West Second Street, objections thereto were promptly made by garnishee's counsel on the ground that this was an attempt to vary terms of written contract. The objection was sustained with the court's statement that such evidence would be considered in subsequent proceedings involving reformation of the policy. Such proceedings have not yet been held. Under all such circumstances, we must hold that the evidence described meets the test of admissibility. See, Roberge v. Cambridge Co-op. Creamery Co. 243 Minn. 230, 67 N. W. (2d) 400; First Nat. Bank v. Olson, 246 Minn. 28, 74 N. W. (2d) 123.

■ To support an order for new trial for "newly discovered evidence," it is likewise essential that such evidence shall have been discovered after the trial had been concluded. Engeln Elec. Co. v. Kolling, 180 Minn. 264, 230 N. W. 778. The *Endorsement,* which is part of the evidence made the basis for new trial, was submitted to plaintiff's counsel during the trial so that if desired he might have offered it in evidence without objection. This he declined to do upon the basis of defendant's statement that he did not recall such endorsement, and upon the basis of previous testimony and statements of opposing counsel during the trial. These were as follows:

"Mr. Johnson [plaintiff's counsel].

"Q. I show you Plaintiff's Exhibit E, and ask you if that is a policy

that was issued by yourself?

"A. [Mr. Goff] Yes, however, it is not all here, there is an endorsement missing, which was stapled on to this, right here, by these two paper clips.

"Q. What endorsement is that?

\* \* \* \* \*

"\* \* \* Is there any other endorsement? [To counsel for garnishee] Counsel, do you have a copy of this?"

At this time a copy of the endorsement and photostatic copies thereof were in the possession of garnishee and its counsel.

"Mr. Thorson [counsel for garnishee]. We submit that counsel should proceed with the examination.

"Mr. Johnson. We would like to know, and we believe we are entitled to know, if this is not a complete policy we would like at this time to know it. We think if this is not a complete policy that counsel should inform us to that effect.

\* \* \* \* \*

"A. The endorsement that was on there designated an address where Mr. Bertrand was living wherein coverage was supposed to apply.

"Q. And was that 600—

"A. No, it was not 600 West Fifth.

\* \* \* \* \*

"Q. Have you got a copy of it in your records?

"A. We do not have our copy any more. \* \* \*

"Q. You knew at the time, on July 5th, when this policy was issued, that Mr. Bertrand was constructing a home, which is now known as 600 West Second Street, in the city of Mankato?

"Mr. Davis. That is objected to, \* \* \*.

"Court. Sustained. \* \* \*

\* \* \* \* \*

"Mr. Johnson. By this witness we offer to prove that at the time this policy was issued to the defendant, and before, that this witness knew that the intention of the parties were to include the premises now known and described as 600 West Second Street in the city of Mankato.

"Mr. Davis. Objected to \* \* \*.

"Court. I think the objection is sustained * * * I will rule on that motion * * * that Western Casualty Company be given time to prepare for it, we can try that issue on another day."

Thereafter a recess was taken for the noon period. At that time neither garnishee's counsel nor its agent tendered to plaintiff's counsel a copy of the endorsement, although it was then in their possession. Subsequently, during the afternoon the following proceedings took place:

"Mr. Davis [garnishee's counsel]. Your Honor, this morning counsel brought up the question of whether there was an endorsement to this policy. We have had the home office, prior to the time of trial, search their records and check their file, and they have provided us with a photostatic copy of what they call their 'Daily' which included an endorsement. We are willing that counsel submit this in evidence, and we will stipulate that it was an endorsement to the policy if he desires to do so."

After plaintiff's counsel had asked defendant if he had any recollection of such an endorsement, and, being informed by the latter that he did not remember it, counsel for garnishee then stated:

"Mr. Davis. Your Honor, for the purpose of the record, we just wanted to submit this as the only thing we have in our file bearing on the question as to whether there was or was not an endorsement. I assume, counsel, that you do not want to introduce it.

"Mr. Johnson. Are you offering it?

"Mr. Davis. I am offering it to you for introduction in the case if you want it introduced.

"Mr. Johnson. No, not unless you care to."

It is clear that plaintiff's counsel was misled by the procedure described. Goff stated definitely that he did not have the endorsement in his possession, and that it did not extend to 600 West Second Street. Garnishee strenuously objected to any testimony on the endorsement or on the intent of the parties on the ground of immateriality although at the time it was aware that defendant's residence was designated as 600 West Second Street in the endorsement. All such factors would lull plaintiff's counsel into the belief that the endorsement was un-

important and unrelated to the issues. They would afford him some excuse for his failure to submit the endorsement when it was suddenly presented to him sometime later during the trial. While it may be he was not as diligent as the occasion required, we cannot escape the conclusion that this was in part at least, induced by Goff's testimony and by the position taken and statements made by counsel for the garnishee. Judgment was entered September 4, 1956. In his affidavit supporting plaintiff's motion for new trial, defendant stated that it was not until about August 24, 1957, that he advised his attorney as to the true facts relative to the issuance of the policy and the intent that it covered premises at 600 West Second Street and the construction work thereon. These factors, we feel, are sufficient to indicate that the evidence now presented was not actually discovered by plaintiff until subsequent to the trial.

■   There remains the question whether plaintiff exercised due diligence in endeavoring to discover such evidence before trial. 14 Dunnell, Dig. (3 ed.) § 7128, and cases cited. In his affidavit his counsel sets forth that he did not know of the endorsement until the facts unfolded as above described; and that he did not see the endorsement again until long after trial when he first became aware that it covered the premises at 600 West Second Street. As indicated above, he did not know what Goff's testimony as to the intended coverage of the policy would be until subsequent to the trial.

Counsel for garnishee asserts that the foregoing is insufficient to indicate due diligence and cites discovery rules under rules of civil procedure, including those relating to the production of documents prior to trial and those permitting a party to procure testimony in advance of trial by means of interrogatories or depositions. Rules 33 and 26.02. He asserts further that, since plaintiff knew that Goff was the agent of the insurer and maintained an office in Mankato, it would have been simple and convenient for him to resort to such procedures before trial in order to obtain the information now claimed to be "newly discovered evidence." We feel that there is merit in this contention. Under the rules cited, it would not have been difficult to have ascertained Goff's knowledge of the situation prior to trial, and to have determined what his testimony would have been as to the conversations between

him and the defendant relative to the policy at the time it was ordered. The rules cited are designed to enable parties to procure in advance of trial evidence which is not privileged and which is relevant to the subject matter involved in the litigation, including documents, as well as facts relative to the identity and location of persons having knowledge of pertinent facts. See, Rules 26.02 and 33; see, also, Schiro v. Raymond, 237 Minn. 271, 54 N. W. (2d) 329; Henderson v. Bjork Monument Co. Inc. 222 Minn. 241, 24 N. W. (2d) 42; In re Estate of Hore, 220 Minn. 374, 19 N. W. (2d) 783, 161 A. L. R. 1366; Hlubeck v. Beeler, 214 Minn. 484, 9 N. W. (2d) 252; Hoppe v. Boulevard Transp. Co. 172 Minn. 516, 215 N. W. 852; Kotsonaros v. State of Minnesota, 79 Ariz. 368, 290 P. (2d) 478.

Here, as stated in the trial court's memorandum:

"* * * Some of the 'newly discovered evidence' offered as the basis for this motion is cumulative and impeaching only. And to say that counsel could have discovered the endorsement is to state the facts generously and mildly."

Under the circumstances described here, we cannot escape the conclusion that plaintiff has failed to demonstrate that prior to trial he exercised reasonable diligence in endeavoring to discover the evidence which he now claims is "newly discovered" so as to justify the order for a new trial.

The order appealed from is reversed.

Reversed.