James Reed HALL and Brenda M. Hall,
Petitioners and Appellants,

v.

Thomas LeRoy ANDERSON, Objector
and Respondent.

No. 14705.

Supreme Court of Utah.

April 7, 1977.

Robert M. McRae, Salt Lake City, for petitioners and appellants.

Marc Nick Mascaro, Gunn & Mascaro, Midvale, for objector and respondent.

CROCKETT, Justice:

James Reed Hall and Brenda M. Hall (formerly Anderson) filed their petition in the District Court of Uintah County to adopt Karla Jean Anderson, age seven, daughter of Brenda by her former marriage to Thomas LeRoy Anderson, objector herein. The petitioners sought an adjudication that the latter had deserted and abandoned his daughter.[1] Upon a trial of that issue the District Court refused to so find. Petitioners argued below and on appeal that that is the only reasonable finding that could be made from the evidence.

The Andersons were divorced in March, 1972, and the custody of Karla Jean, then age 3, was awarded to the mother, Brenda; and the father, Thomas, was ordered to pay for her support and was given visitation rights. Later that year Brenda married her present husband, petitioner James R. Hall. It appears without question that they have provided all of the essentials of a good home with love and security for Karla Jean and that she looks to them as her parents so that the only impediment to the adoption is the objection and the assertion of rights of the father, objector Thomas Anderson.

It must be acknowledged that during the four years since the divorce, even by taking

---

1. Sec. 78–30–5, U.C.A.1953 provides: a child deserted by its parent . . . may be adopted . . . without the consent of the parent . . . having deserted said child, when the District Court . . . shall determine that such child has been deserted by its parent . . . .

the best view of his own evidence, the objector has not overextended himself in showing an interest in and discharging his responsibilities as a father to Karla Jean. By concluding as we have herein we do not desire to be understood as approving or condoning his failures in that regard. The evidence he relies on in opposition to the charge that he had deserted and abandoned her is that he sent numerous letters to Brenda inquiring about and attempting to correspond with Karla Jean, but received no response. It includes that he says: that during the four-year period, due to an injury to his back which has required an operation to fuse vertebrae, he was unemployed except for five or six months. But notwithstanding this difficulty, he had sent support payments totaling $175 (the petitioner says $150); and also gifts on each Christmas, Easter and birthday, which cost a total of just over $200.

■ The principles of law to be applied to such a controversy are set forth in our recent decision of *Robertson v. Robertson*.[2] We are also in accord with the petitioners argument that it is not necessary to show that a parent has affirmatively declared abandonment of his child; and that in most instances the fact of abandonment can better be determined from the parent's actions than from his words. But it is nevertheless necessary that it be shown that there was an intent coupled with acts or conduct constituting a desertion or an abandonment.[3]

Petitioner's brief argues with some persuasiveness that Karla Jean, who was three years old when the Halls married, and is now seven, should not be disturbed in their family life wherein she regards petitioners as her parents and where she enjoys the happiness that comes from love and security in a well adjusted home. Their brief then poses this question: "Is her entire life to be disrupted now because one man [her father] sent five gifts in two and one-half years?" Difficult as deciding cases such as this is where there are keenly felt anxieties on both sides, some comfort is to be taken

in the realization that the issue presented is not just as stated in that question. It does not involve any actual "disruption" of the child's living in or her adjustment in that home. As we stated in the *Robertson* case, supra: we do not see any likelihood that there will be any change of custody or any substantial interference with the desirable circumstances in which she is living.

■ Further paralleling the *Robertson* decision as applicable here: The question whether there has been a desertion and abandonment is usually an issue of fact. As on all issues of fact, if the evidence is so clear and persuasive that all reasonable minds would find one way, the court can and should so rule as a matter of law; and if it fails to do so, on appeal to this court, it should correct that error and so rule. On the other hand, if the evidence is such that reasonable minds may differ as to the conclusion to be drawn therefrom, it is the prerogative of the trier of facts to make the determination; and this court should not interfere with that prerogative by disagreeing with the determination thus made.

■ On the basis of what has been said herein and applying the rules of review as set forth in the *Robertson* case referred to above, it is our opinion that the evidence is not so clear and persuasive that the defendant had deserted and abandoned his child that we would upset the refusal of the trial court to so find.

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

**2.** Utah, 560 P.2d 1110.

**3.** See 2 Am.Jur.2d, Adoption, Sec. 32.